Keifer *v.* Phila. and Reading Coal and Iron Co.

Argued December 8, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*Roger J. Dever,* for appellant.

*B. D. Troutman,* and with him *George Ellis* and *Jno. F. Whalen,* for appellee.

OPINION BY CUNNINGHAM, J., December 27, 1930:

The confusion apparent upon the face of the record in this Workmen's Compensation case may be attributed primarily to the fact that the claimant, after averring that he sought relief under a designated section of the act, stated as his ground therefor, and endeavored to prove, a reason which, if established, would bring him within the provisions of an entirely separate and distinct section.

Claimant, while in the course of his employment in one of defendant's collieries on August 7, 1925, was "putting in [an] air pipe and a trip came along and [the] hub of [a car] wheel caught the pipe and squeezed him between the pipe and rib," bruising his back and legs. A compensation agreement was entered into, under which he received compensation up to July 20, 1927, and signed a final receipt on August 11, 1927. His disability, total at first, became partial for some months but in the fall of 1926 total disability recurred. Under date of November 2, 1928, more than one year after the date of the last payment of compensation, claimant petitioned the board to "review" the compensation agreement approved by it on October 6, 1925. It was stated in the first paragraph of the petition that it was filed under section

413 of our Workmen's Compensation Law and, although the averments are neither clear nor consistent, they indicate that claimant sought relief under the first paragraph of that section. He expressly averred that the "agreement was based upon the hereinafter stated mistake" and then stated as the "mistake" a matter which had nothing whatever to do with the procuring of the agreement, viz: that at the date of the petition he was "partially disabled as the result of [his] injury sustained on August 7, 1925, at the Otto Colliery of the defendant company."

Defendant, by its answer, denied that claimant was then partially disabled as a result of the accident and continued: "Petitioner has no disability from said injury. He is able to do the same kind of work as when injured, but prefers to do the lightest kind of work. He was paid compensation to July 20, 1927, [final receipt dated August 11, 1927], and is barred by statute from review of agreement."

The petition to review was assigned to a referee who took testimony and made, inter alia, these findings of fact: "(5) The claimant's total disability changed to partial disability on July 20, 1927. He was able to do light work then. He did resume light work on September 6, 1927. He was paid a weekly rate of $27.72 for this work. He has been able to do this work up to this time, February 20, 1929. He was still partially disabled on this date. The length of time this partial disability will continue is indeterminate at this time ....... (7) The claimant was an inside laborer when injured and was being paid a weekly wage of $32.70. (8) The claimant signed the final receipt by mistake." His conclusion of law was that, as the petition for review had not been filed within one year after the date of the last payment of compensation, he, as referee, was "estopped from reviewing, modifying or reinstating" the agreement.

An appeal to the board by the claimant was dismissed and the referee's findings of fact and conclusion of law affirmed. The court below, upon claimant's appeal to it, held that the amendment made by section 6 of the Act of April 13, 1927, P. L. 186, 194, to section 413 of the Act of June 26, 1919, P. L. 642, 661, applied to this proceeding and that, under its provisions, claimant was barred from obtaining a review of the agreement because his petition therefor had not been filed within the time limit therein prescribed; a judgment in favor of the defendant was accordingly entered, from which the claimant now appeals.

The compensation authorities and the learned president judge of the common pleas were of opinion that, although the petition averred "mistake" as a ground for relief, the amendment of 1927, prescribing a time limit of one year for the filing of certain petitions, applied to this petition as well as to petitions filed by either party to modify an original agreement upon the ground that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased—in other words, that the amendment applied to the first as well as to the second paragraph of section 413.

Attention should be directed to the fact that the decisions of the referee and board and of the court below were all made prior to the filing of the opinions of this court in the cases of Johnson v. Jeddo Highland Coal Company, 99 Pa. Superior Ct. 94, and De-Joseph v. Standard Steel Car Company and Travelers Insurance Company, 99 Pa. Superior Ct. 497. In the first of these cases Judge KELLER, speaking for the court, said: "Section 413 of the Act of June 26, 1919, P. L. 661, which was amended by the Act of 1927, supra, refers to two distinct classes of cases for the review, modification, etc., of compensation agreements, viz: (1) where the agreement was procured by fraud,

coercion or other improper conduct of a party, or was founded on a mistake of law or of fact; (2) upon proof that the disability of an injured employe has increased, decreased, recurred or has temporarily or finally ceased, or that the status of any dependent has changed. The second class relates to changes that have occurred in the employe's physical condition since the compensation agreement was entered into or terminated; the first class does not. We are of opinion that the amendment to this section enacted in 1927, supra, relates only to the second class and has no effect on applications based on fraud, coercion, mistake, etc., embraced within the first class. We are led to this view not only because of its wording and its incorporation into the paragraph dealing with the second class of cases aforesaid, but also by the fact that section 434 which deals with the setting aside of a final receipt for exactly the same causes embraced within the first class, or paragraph, relating to review or modification of agreements, is not amended or affected by the Act of 1927.''

There, as here, the form of petition used referred to section 413, but the relief there sought was the setting aside of the final receipt. We also there held that it makes no real difference under which section —413 or 434—a petition may have been filed, provided proper ground for action by the board under either be proved. In the DeJoseph case it was held that the ''mistake'' of law or fact, mentioned in the first paragraph of section 413 as a ground for the review of an agreement, is a mistake of law or fact which existed at the time the agreement was made and that the word as there used was not intended to have any relation to situations caused by changes that may have occurred in the employe's physical condition while the agreement was in force or subsequent to its termination.

Under the principles announced in those cases, it is clear that the judgment now appealed from must be reversed, but it does not follow that the claimant is entitled to a judgment in his favor on this record. Although claimant averred that the agreement "was based upon ...... [a] mistake," the referee made no finding upon the question whether the agreement had been "founded upon a mistake of law or of fact;" nor did the claimant make any attempt to prove that any mistake had been made at the time of the execution of the original agreement. The judgment, however, was not entered because claimant had not proved any mistake, but upon the ground that his delay had barred him from relief upon any of the grounds specified in section 413. In a technical sense, none of the findings of the referee is responsive to the primary averment of the petition. His above-quoted fifth finding relates exclusively to the physical condition of claimant at the time payment of compensation ceased and subsequent thereto. From the findings that at the date of the last payment claimant was partially disabled and that his partial disability had continued to the time of the hearing, and would continue indefinitely, the referee seems to have drawn the inference, stated in his eighth finding, that claimant had signed the final receipt by mistake—presumably, under the mistaken belief that his disability had terminated. If this is the real contention of claimant the petition should have been under section 434 but, as we have said, the important inquiry is what, if any, ground for relief has been proved. The defendant denies that there is evidence to support these findings and contends that claimant is a malingerer. The referee's finding that at the date of the final receipt claimant was suffering from a partial disability seems to be based solely upon the difference in wages pointed out in the fifth and seventh findings. The testimony, as it now stands, would not support a

finding by a referee that claimant has shown any loss in earning power by reason of any partial disability existing when the defendant ceased paying compensation—mere proof of the wages received from time to time is not conclusive upon this question: Johnson v. Jeddo Highland Coal Co., supra, and cases there cited. Even if this petition may be treated as though filed under section 434, the finding that the final receipt was signed by mistake is the statement of a conclusion which is unsupported by any specific findings justifying it. In view of the construction this court has placed upon the amendment in question, it may be proper to intimate that when a claimant's only real ground for relief is such change in his physical condition as is contemplated by the second paragraph of section 413, he should not attempt to avoid the limitation of the amendment thereto by alleging that the agreement was "founded" upon a mistake and then assign as the "mistake" matters having no connection with the making of the agreement.

The only issue upon which the testimony in this case has any bearing is whether the final receipt was "founded upon mistake of law or of fact," but the findings are not sufficiently specific to enable a court to decide the questions of law arising upon such inquiry. Relief upon any of the grounds specified in the second paragraph of section 413 is barred by claimant's delay in filing his petition. As this petition was filed and finally disposed of before the opinions of this court construing the amendment were handed down, and as the claimant may have intended to ask relief upon the ground that his final receipt was signed by mistake, we think the interests of justice would be best served, and a liberal interpretation of the compensation law adhered to, by directing that the record be remitted by the court below to the board under the provisions of

section 427 for more specific findings of fact upon that issue.

The record is remitted to the court below to the end that it may be by that court remitted to the board for more specific findings of fact upon the question whether the final receipt was founded upon a mistake either of law or of fact.