Bottinger *v.* Independence Indemnity Co. et al.,
Appellants.

Argued December 14, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Elmer L. Menges,* and with him *J. William Ditter,* for appellants.

*Fletcher W. Stites,* for appellee.

Opinion by Baldrige, J., January 25, 1933:

This is an appeal in a workmen's compensation case.

The claimant, Christian L. Bottinger, a volunteer fireman in Lower Merion Township, was injured October 25, 1930, when the fire truck on which he was riding overturned. His regular occupation was that of a papermaker, employed by the Container Corporation of America. Upon the basis of his average weekly wages, an agreement for total disability was entered into with the Independence Indemnity Company, the insurance carrier of the commissioners of Lower Merion Township, whereby the claimant received payment for total disability from the 2d day of November, 1930. A supplemental disability contract was executed by claimant

and the insurance carrier, as of the 20th day of February, 1931. On February 23, 1931, the claimant signed a final receipt. On March 14, 1931, he petitioned the compensation board to review the compensation agreement on the alleged grounds of mistake in signing the final receipt. A hearing was had before the referee, who set aside the final receipt and reinstated the agreement. Upon appeal, the board affirmed the findings and the decision of the referee, and an appeal was taken to the court of common pleas of Montgomery County, which sustained the compensation authorities.

The appellants complain (1) that the board erred in admitting in evidence X-ray pictures and reports thereon; (2) that the proper test as to claimant's disability is not whether he was able to do his regular work as an employee of the Container Corporation, but whether he was able to discharge the duties of a volunteer fireman; (3) that there was not sufficient competent evidence to set aside the final receipt on the grounds of mistake of fact and reinstate the original agreement.

(1) The custodian of the records of Memorial Hospital produced at the trial X-rays taken of the claimant. Before they were offered, they were objected to "as having nothing whatever to do with any issue before this court at this time." The objection was overruled. Section 422 of the Act of June 2, 1915, P. L. 736, as amended by Section 6 of Act of June 26, 1919, P. L. 642 (77 PS §835), provides that records kept by a hospital of the medical or surgical treatment given to an employee in such hospital shall be admissible as evidence of the medical and surgical matters stated therein, but shall not be conclusive proof of such matters. The compensation authorities are not bound by the technical rules of evidence in conducting a hearing or investigation, but the findings of fact must be based upon competent evidence. We are clearly convinced that the evidence offered was competent. But if we

assume it was incompetent, and disregard it, there was sufficient other competent evidence in this record to sustain the findings on the disability: Johnston v. Payne-Yost Const. Co., 292 Pa. 509, 141 A. 481; Kovach v. Union Drawn Steel Co. et al., 99 Pa. Superior Ct. 302.

(2) The question, whether the legal test of the claimant's physical condition was his inability to return to his occupation as a volunteer fireman, was not raised in the lower court, and it is too late now to introduce this objection: Smith v. Yellow Cab Co., 288 Pa. 85, 135 A. 858. Aside from that technical disposition of this question, it is without merit. The compensation paid under the agreement entered into was based upon the weekly wages the claimant received from the Container Corporation. It was not alleged, and there was no evidence, that he received any wages as a fireman. The entire record shows that the insurance company was thoroughly acquainted with the character of the claimant's work, and expressly recognized that he was entitled to receive compensation on the basis of his wages as a papermaker. If claimant was physically incapacitated to do his regular work as a papermaker, it is not unfair to assume that he would not be able to act as a volunteer fireman.

(3) The claimant petitioned for a reinstatement of his compensation agreement under §413 of the Act of June 26, 1919, P. L. 642, 661, amended by the Act of April 13, 1927, P. L. 186, Sec. 6 (77 PS §771), instead of under §434 (p. 669) of the Act of 1919 (77 PS §1001), which provides for the setting aside of a final receipt. See Savidge v. Dime T. & S. Co., 108 Pa. Superior Ct. 333, 164 A. 734. We have held, however, that "it makes no real difference under which section the application is treated provided the giving of the final receipt terminating the compensation agreement was founded upon a mistake of law or of fact." See Johnson v. Jeddo Highland Coal Co., 99

Pa. Superior Ct. 94, 97; Keifer v. P. & R. C. & I. Co., 102 Pa. Superior Ct. 235, 156 A. 722; Krock v. Ballard Sprague & Co., 104 Pa. Superior Ct. 389, 159 A. 191. The board found that the statement in the final receipt that the claimant had returned to work at the same wages he received prior to the accident was a mistake of fact. He had not returned to his regular employment, nor had his disability terminated, but his impaired physical condition was unknown at the time of the execution of the release. It appears from the testimony that in March, 1931, the claimant had endeavored to resume his employment, but upon being examined by Dr. Turner, physician for the Container Corporation, it was found that his right knee was swollen and motion impaired, and that he was incapacitated by reason of the accident to do his regular work. Dr. Sykes, the family physician, testified that the claimant has a limited function of his knee, that this condition is permanent and liable to be progressive in character. This evidence justified the specific findings of the compensation authorities.

The action of the lower court in dismissing exceptions to the order of the Workmen's Compensation Board is affirmed.