Ernst *v.* Sassaman, Appellant.

Argued March 12, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Ralph C. Body,* and with him *Stevens & Lee,* for appellant.

No brief filed, nor appearance for appellee.

OPINION BY KELLER, P. J., April 15, 1935:

This is a workmen's compensation case. The claimant, on December 11, 1931, while in the course of her employment with defendant, suffered an accidental injury, resulting in the amputation of her right index finger below the second phalangeal joint. No compensation *agreement* was entered into between her and her employer, but she filed her claim with the Compensation Board and was awarded compensation by the referee to whom the case was referred, for thirty-five weeks, the period fixed by Schedule 306(c), as amended, for the loss of an index or first finger. She took no appeal from this award to the board. She signed no final receipt. None was necessary, for when the definite period for which the award was made under section 306(c) was ended the compensation automatically ceased. It was not like the ordinary open or indeterminate award or agreement.

On February 22, 1933, six months after the thirty-five weeks had expired, she filed her petition asking the board to modify the award, on the ground that she had actually lost the use of her hand. The referee dismissed the petition on the ground that it was filed too late; that under the Act of April 13, 1927, P. L. 186, amending section 413 of the Workmen's Compensation Act, as amended in 1919 (P. L. 642), as the award had been for a definite period, (35 weeks), it could only be reviewed or modified "during the time such ...... award has to run." On appeal, the board reluctantly affirmed the action of the referee. The claimant then appealed to the court of common pleas which reversed the board and remitted the record to the board "for more specific findings of fact (the claimant to be given

the right to introduce testimony in that regard) upon the question whether the compensation *agreement* or the final receipt, if there be one, was founded upon a mistake either of law or of fact.''

The court has confused the several sections of the Workmen's Compensation Act and has attempted to apply them to facts which are not present in this record.

The first paragraph of section 413, as amended by the Act of June 26, 1919, P. L. 642, was a re-enactment, with some changes, of section 423 of the original Workmen's Compensation Act of 1915, P. L. 736, (p. 754). It relates only to compensation *'agreements,'* that is to agreements voluntarily entered into by the injured employee (or in case of his death, by his dependents), with the employer, and provides for the review, modification or setting aside of such an *agreement* if it be proved that it was procured by the fraud, coercion or other improper conduct of a party, or was founded upon a mistake of law or of fact. It has no relation to *'awards'* made by the referee or the board, following a claim petition filed by the claimant. The claimant's remedy in such a case is (1) by appeal, or (2) by petition to modify the award. This modification is provided for by the second paragraph of section 413, as amended by the Act of 1919, supra, which was a re-enactment, with some changes, of section 426 of the original Act of 1915 (p. 754), and applies to both awards and agreements.

Under the original Act of 1915, and the amendment of 1919, there was no limitation on the time within which the petition to modify, etc. must be filed, but in 1927 an amendatory act was passed (April 13, 1927, P. L. 186), which provides, in effect, that as respects open or indeterminate awards or agreements the petition to review, and modify, etc. must be filed within one year after the date of the last payment of compensa-

tion, and as to awards or agreements for a definite period,—that is, under Schedule 306(c),—the petition must be filed "during the time such agreement or award has to run." In other words, where there has been an award for a definite period, under Schedule 306(c),—as in this case, for 35 weeks—the petition to review or modify the award because of the increase, etc. of the disability must be filed with the board during the time the agreement has to run—that is, in this case, within 35 weeks for which compensation was awarded. The limitation may result in great injustice to a claimant, who fails to file his petition within the definite time the award has to run, rather than within a year after the last payment of compensation, for the full consequence of the accident may not be apparent during the definite period of the award; but the legislature has so enacted and it is our duty to construe the law, not to make it.

It follows, then, that as a sending back of the record to the board to make more specific findings of fact could not affect the limitation imposed by the Act of 1927, supra, the court below was in error in reversing the order of the board.

To recapitulate, (1) the first paragraph of section 413 does not apply here, because there was no 'agreement' entered into between the claimant and the employer, but an 'award' following a claim petition. If the *award* was erroneous, or for an insufficient period, the claimant should have appealed. In Kitchen v. Miller Bros. Co., 115 Pa. Superior Ct. 141, 174 A. 919, the claimant was induced to sign an *agreement* for compensation for the loss of a finger, when he had really suffered the industrial loss of his hand, through the improper conduct of the employer's physician. (2) Section 434 does not apply because there was no final receipt signed. The compensation ceased when the definite period for which the award was to run

expired. (3) The award can not be reviewed and modified under the second paragraph of section 413, because such action is barred by the limitation of the Act of 1927 imposed on awards for a definite period. The remedy for such a situation is with the legislature, not the courts.

The order of the court below is reversed and the order of the Workmen's Compensation Board is reinstated and affirmed.