## Borneman, Appellant, v. H. C. Frick Coke Company.

Argued April 15, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Murray J. Jordan* and *Fred J. Jordan,* with them *J. I. Simon* and *Barney Phillips,* for appellant.

*P. K. Motheral,* with him *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY KELLER, P. J., July 10, 1936:

Claimant was accidentally injured on January 15, 1928 while in the employ of defendant company. On May 24, 1928 he filed a petition for compensation alleging injury to his right knee cap caused by a fall in the course of his employment. The case was contested by the employer. After various proceedings, not material in this appeal, the referee on September 24, 1928 filed an amended order awarding compensation to the claimant at the rate of $15 per week for 33½ weeks, from January 22, 1928 to September 11, 1928, at which latter date, the referee found the claimant "had sufficiently recovered to resume work". No appeal was taken by either party, and the award consequently became fixed and absolute. On October 2, 1928, the parties went through the form of signing an agreement for compensation for 33½ weeks from January 22, 1928 to September 11, 1928, $502.50, "as per amended award, September 24, 1928 by Referee Johns of the Eighth District," and the claimant, the same day, signed a final settlement receipt for $502.50, "as per amended award of September 24, 1928 by Referee Johns of the Eighth District". The agreement was filed with the Board on October 5, 1928 and approved by it on October 10, 1928. It was of no additional legal force or effect, for the claim and the compensation due thereunder had been fixed and settled by the award, and the agreement "as per" the award added nothing to its validity or legal effect. The compensation rested on the award, not on the agreement signed pursuant to it.

Over four years thereafter, on January 23, 1933, the claimant filed a petition for review alleging as ground for said action that at the time of the award, he and his physician, Dr. C. C. Yount, were of opinion that the

injury to claimant's knee cap and leg were on the road to recover and that he would have, as the time went along, the free and full use of his leg; but that beginning January 1, 1931, the said right knee cap had become troublesome and its condition became such as to require the leg to be placed in a plaster cast for the last nine months of 1931, and that his knee was still disabled to the extent of about fifty per cent. An answer denying disability and averring that there was no authority in law to reopen or review the case "at this time" was filed by defendant.

The referee, treating the case as arising under the agreement of October 10, 1928 rather than the award of September 24, 1928, and finding a mistake of fact in the execution of the final agreement, set it aside and made an award of compensation at the rate of $15 per week beginning September 11, 1928, "to continue until such time as the claimant's disability ceases or changes in extent", subject to statutory limitations.

On appeal by defendant, the Board sustained the appeal and reversed the referee. It rightly found that the award governed; that the "agreement" filed pursuant to it was not an "agreement of compensation", but merely an acceptance and confirmation of the referee's action; that the "final receipt" was not necessary and had just as little value as the "agreement".

The Board went on to say: "The referee made a definitive order, awarding compensation for a period which already had elapsed when the award was made. The liability of the defendant was definitely stated, both as to the period of compensation and the total amount due. This obviated the necessity of procuring such a final receipt as is contemplated in Section 434 of the Act. A cancelled check or any other evidence that the defendant had satisfied the liability imposed upon it by the referee's award would have served the same purpose ...... The Board concludes as a matter

of law, that the referee's award, not having been appealed from and not having been made the subject of rehearing within the statutory period, represents a final and definitive adjudication of the defendant's liability up to Sept. 11, 1928; that the receipt in the case, having been executed in conformity with the referee's award, which claimant did not contest, cannot be made the subject of inquiry as to mistake of fact or law; that subsequent to the making of the referee's award claimant had no right of further action except under Section 413, paragraph 2, (relating to recurrence of disability) or Section 426 (relating to rehearings); and that because of the failure of the claimant to avail himself of these rights within the statutory period fixed by the Act, [one year] further consideration of the claim is now barred by law."

This was a correct statement of the law as applied to the facts in the case,—there being no allegation or evidence of fraud or other misconduct—and justifies the order dismissing the petition.

The above recital of facts shows that there was no mistake of fact within the meaning of Section 434 of the Workmen's Compensation Act as amended by Act of June 26, 1919, P. L. 642, but rather only a change in claimant's physical condition since the award was made, such as comes under paragraph two of Section 413 of the Act, as amended by Act of April 13, 1927, P. L. 186, as to which a petition for a review or a modification must be filed with the Board within one year after the date of the last payment of compensation.

This matter has been treated by us at some length and the distinction explained in a number of cases, among them the following: DeJoseph v. Standard Steel Car Co., 99 Pa. Superior Ct. 497, 502; Bucher v. Kapp, 110 Pa. Superior Ct. 65, 69, 167 A. 652; Busi v. Wilson, 110 Pa. Superior Ct. 95, 99, 101, 167 A. 655; Keifer v. Phila. & Reading C. & I. Co., 102 Pa. Superior Ct. 235,

239, 156 A. 722; Zavatskie v. Phila. & Reading C. & I. Co., 103 Pa. Superior Ct. 598, 600, 159 A. 79; Shetina v. Pittsburgh Terminal Coal Corp., 114 Pa. Superior Ct. 108, 112, 113, 114, 173 A. 727. We said in the last named case, "The 'mistake of the fact' contemplated by the act refers to a fact which existed at the time the final receipt was signed; . . . . . . not to a subsequent development from an injury which was thought to be healed, or to claimant's own belief that his disability had ceased, which was later disproved by the subsequent course of events"; and in the Zavatskie (p. 600-601), that 'mistake of fact', "if referable to the physical condition of the claimant, must not be one relating to changes which have occurred in his physical condition since the agreement [or award] was made; that present disability as a consequence of development growing out of the injury, or physical degeneration resulting from it, is within the limitation prescribed and must be presented as a cause for reviewing the agreement [or award] within a year after the last payment of compensation. That was the purpose of the amendment. If not applied to disability resulting from changes or developments in the claimant's physical condition, due to the injury but arising, recurring, or increasing after the termination of the agreement [or award], the limitation would have little or no effect, for in practically every case the claimant could set up an alleged mistake of fact of that character, and the remedy sought to be applied by the legislature in prescribing a limitation would be nullified. The legislature, for the reasonable protection of the employer, has fixed a period beyond which agreements cannot be reviewed except for the matters reserved in the first paragraph of section 413, and they relate to a fact or condition existing at the time the agreement sought to be reopened was made, and not to subsequent changes, developments or increase of disability arising out of that condition." Mis-

takes of law or of fact as respects *awards* must be corrected by *appeal* (Ernst v. Sassaman, 117 Pa. Superior Ct. 353, 178 A. 317), or by petition for rehearing (Sec. 426 as amended by Act of June 26, 1919, P. L. 642, p. 665 and Act of April 13, 1927, P. L. 186, p. 196): Tinsman v. Jones & Laughlin Steel Corp., 118 Pa. Superior Ct. 516, 522, 523, 180 A. 175.

The judgment of the Court of Common Pleas affirming the order of the Workmen's Compensation Board is affirmed.