## Zerby, Appellant, *v.* Reading Company.

398

Argued December 11, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD. PARKER, JAMES and RHODES, JJ.

*Paul Edelman,* for appellant.

*Thomas I. Snyder* of *Zieber & Snyder,* for appellee.

OPINION BY JAMES, J., January 29, 1937:

On October 7, 1928 claimant sustained an injury to his right hip as a result of which he became totally disabled on April 1, 1929, and a compensation agreement was entered into which provided compensation for an indefinite period. Various proceedings, which we need not detail, resulted in a hearing before a referee, at which claimant and his physicians were heard. By an award filed October 20, 1932, the referee found that the claimant had permanently lost the industrial use of his right leg, and awarded compensation under the provisions of section 306 (c) of the Workmen's Compensation Act (Act of April 13, 1927, P. L. 186), for a period of 215 weeks from April 8, 1929, prior payments made to claimant to be credited. No appeal was taken either by claimant or defendant and compensation was regularly paid and accepted by the claimant until the final week's payment became due. On May 27, 1933 (five days after the expiration of the 215-week period for which claimant had been awarded compensation) a petition was filed to modify the original compensation agreement alleging, "I have become total disabled," and in support thereof the following facts were stated: "My total disability has existed for sometime, which is ground for this petition." Defendant in its answer, after denying all of the averments of the petition, stated the following additional facts: "214 weeks compensation paid under award of Referee Eaches, dated October 20, 1932, from which no appeal was taken. Additional week's compensation with final receipt offered claimant but refused by him." On June 27, 1933, after hearing, the referee found that the condition, which claimant was then suffering from, existed at the time of the award of October 20, 1932; that "they do not totally disable him as we had found at that time"; and further found as a conclusion of law, "Having found that claimant's

condition has not changed to that of total, we must conclude his petition is without merit." From this decision, claimant appealed to the Workmen's Compensation Board, which, on November 1, 1933, by opinion filed, affirmed the findings of the referee. An appeal to the court of common pleas was then taken, but before argument, the claimant filed with the compensation board a petition for rehearing under the provisions of section 426 of the Workmen's Compensation Act, as amended by the Act of 1927, supra. On March 9, 1934, the board ordered a rehearing and the case was then, after being withdrawn from the court of common pleas, referred to a referee, who, after hearing on June 12, 1934, found the following facts: "5. We find the present disability of the claimant ordinarily follows an injury such as claimant sustained resulting in the permanent loss of use of his right leg and the disability is confined solely thereto"; and found as conclusions of law: "1. Since the claimant suffers no disability separate, apart, and distinct from the loss of use of the leg, he should be compensated under the provisions of Section 306 (c). 2. The claimant having been compensated under Section 306 (c) his petition for modification should be dismissed," and dismissed the petition. On appeal to the board, the findings of the referee were affirmed and on appeal to the court of common pleas, the order of the board was affirmed, from which order claimant brings this appeal.

The court of common pleas affirmed the disallowance of compensation because, (1) the finding of the referee, affirmed by the board, was that claimant's present disability, as well as the disability of 1932 when the former award was made, is such as ordinarily follows from an injury such as claimant sustained resulting in the permanent loss of the use of the leg, and there is no disability separate, apart and distinct from the loss of the use of the leg, and (2) the petition for modi-

fication was not filed within the definite period during which the former award had to run.

At the hearing held in May 1932, two physicians were called on behalf of claimant and two on behalf of the employer, and all were called at the hearing in June 1933. At the hearing held in May 1934, one of his physicians was recalled by claimant and also two additional physicians, and the employer again called its same two physicians. We shall not attempt to detail the conflicting views of the doctors. Sufficient it is to say that although the referee and the board might have found from the testimony of claimant's witnesses that he was then totally disabled as the result of a change in his condition, the testimony of the employer's physicians was that claimant was not disabled to any greater extent than he was at the hearing of May 1932. Counsel for appellant argues that the opinions of claimant's physicians were supported by X-ray photographs, which must be regarded as incontrovertible physical facts. It may be admitted that X-ray photographs as to certain conditions may be regarded as incontrovertible physical facts, but that as to claimant's condition that they cannot be so regarded, is best demonstrated by the conflict of opinions expressed by the physicians who were called as to what the X-ray pictures showed. This conflict of opinion presented a clear question of fact, which it was the special function of the referee and the board to determine; and as the findings of the referee and the board were that claimant suffered no disability separate, apart and distinct from the loss of the use of his leg, for which an award had already been made, we cannot disturb the findings.

Whatever right claimant had, under his original compensation agreement, was merged in the award, and if any mistake of fact or law was made by the referee in making the award of October 20, 1932, it could only be corrected by appeal or by petition for rehearing:

*Putt v. Laher Ice Cream Co.,* 105 Pa. Superior Ct. 536, 161 A. 622; *Ernst v. Sassaman,* 117 Pa. Superior Ct. 353, 178 A. 317; *Tinsman v. Jones & Laughlin S. Corp.,* 118 Pa. Superior Ct. 516, 180 A. 175; *Borneman v. H. C. Frick Coke Co.,* 122 Pa. Superior Ct. 391, 186 A. 223. Any change in claimant's condition is provided for by the second paragraph of section 413, as amended by the Act of 1927, supra, when, by petition an award may be modified, if it is shown that the disability of the injured employee has increased. This petition to modify, where there has been an award for a definite period, must be filed with the board during the time the award has to run, which in this case was 215 weeks. As the petition to modify was filed by the claimant more than 215 weeks after the date of the accident, it was too late: *Ernst v. Sassaman,* supra.

Although the employer's answer to the petition to review the award does not in so many words set up that the time for filing the petition had expired, it does set forth the time that compensation had already been paid or offered to be paid, which covered 215 weeks. This is referred to in the report of the referee, who, however, determined claimant's cause on the broad question of whether he was suffering from any disability other than the loss of the industrial use of his leg. The court below found the question had been raised and specifically passed upon it, and as we view this record the question was presented throughout the entire proceeding.

Judgment affirmed.