Augustine *v.* Evert Lumber Company, Appellant.

Argued October 26, 1938.

168

*C. Donald Swartz,* of *Swartz, Campbell & Henry,* with him *Herbert A. Barton* and *Fine, Marianelli & Bonin,* for appellant.

*Roger J. Dever,* for appellee.

OPINION BY BALDRIGE, J., December 27, 1938:

Claimant, a carpenter employed by the appellant, was accidentally injured on January 25, 1930, when he fell from a roof which he was repairing. Under a compensation agreement entered into between the parties he was paid compensation for total disability. A supplemental agreement was entered into on February 25, 1932, which set forth that the status of the claimant's disability had changed to partial, as he was able to work, and a provision was made that compensation would be payable after February 12, 1932, for 194 weeks at the rate of $15 per week, the same amount, however, he had been receiving for total disability.

On September 12, 1933, the employer filed a petition to terminate the payment of compensation, alleging that claimant had fully recovered and was able to return to work. Claimant's answer thereto set forth that he continued to be partially disabled. The referee found

that traumatic neurosis resulting from the injury rendered the claimant entirely unfitted to perform any labor. On appeal, the board, on October 23, 1936, affirmed the referee in dismissing the petition, but modified his conclusion that the claimant was totally disabled, and substituted its own that "the claimant is still under a disability and said disability has not changed in extent or character since the parties hereto entered into supplemental agreement No. 2634191, on February 25, 1932." This supplemental agreement, as we have already noted, was for partial disability, so that on October 23, 1936, the claimant was determined to be suffering a partial disability. No appeal was taken from that decision.

The final payment under the supplemental agreement was due on November 2, 1935, but was not paid until November 9, 1936, when a receipt was taken therefor. On that same day, the claimant filed a petition for review of the compensation agreement, as provided in section 413 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended April 13, 1927, P. L. 186, § 6 (77 PS § 772), alleging that the supplemental agreement was based on a mistake and that he was gradually growing worse as a result of the injury.

The mistaken belief at the time claimant filed the supplemental agreement that he was able to work is not the kind of mistake of fact which is contemplated by the first paragraph of section 413, supra (*Borneman v. H. C. Frick Coke Co.*, 122 Pa. Superior Ct. 391, 396, 186 A. 223; *Reddicks v. Welsbach G. & E. Co. et al.*, 124 Pa. Superior Ct. 285, 292, 188 A. 417); but as recurring or increased disability was alleged, paragraph 2 of that section was the appropriate one under which claimant's petition came.

The employer's answer denied that claimant's agreement should be reviewed as he was not totally disabled and he did not file the petition within the definite period provided in the agreement. The referee, after hearing,

granted the petition for modification of the supplemental agreement and reinstated compensation payments, based on total disability from November 2, 1935. That decision was affirmed by the court of common pleas. This appeal followed.

The appellant presses its contention that as claimant's petition was not filed until after the expiration of the 300-week period, he is too late as his rights were concluded as of that date. That view is in conflict with our compensation laws as interpreted by our decisions. The Workmen's Compensation Act, supra, provides, among other things, for the reinstatement of an agreement within certain limitations upon proof of an increase or recurrence of an injured employee's disability. It is true that an agreement for a definite period can be reviewed only during the running of the agreement.

The phrase "definite period" in section 413 of the Compensation Act (77 PS §772) applies only to agreements entered into under section 306 (c [77 PS §513]). The schedules of compensation provide under section 306 (a [77 PS §511]) for total disability with payments for the first 500 weeks, if total disability continues that long; and under section 306 (b [77 PS §512]) for partial disability with payments for the first 300 weeks, if such disability continues for that length of time. Each of these classifications is for an indefinite period and, therefore, the limitation imposed in section 306(c) does not apply to this case.

The total disability agreement as originally entered into contemplated payment of compensation to the claimant for 500 weeks, if the employer was not relieved therefrom at any time during that period for cause shown. As was said in *Gairt v. Curry Coal Mining Co. et al.*, 272 Pa. 494, 497, 116 A. 382: "When a workman is injured and a compensation agreement is entered into, it is within the minds of the parties, or at least the law imputes the intention to the parties, that such agreement may run 500 weeks, if the injury develops

total disability for that length of time; so that, when the board, either of itself, or by one of its referees, relieves the employer of such payment, it merely suspends that payment or that obligation, waiting further developments of injuries." That decision was made prior to the amendment of 1927, supra, but it does not affect this case as it simply imposed a limitation of one year after the last payment of compensation within which the petition under the second paragraph of section 413, supra, must be presented. As already observed, claimant's petition was presented on the same day he received his last payment and was within the 500-week period; it was therefore timely. See *Miraglia v. Publicker Com. Al. Co.*, 113 Pa. Superior Ct. 487, 174 A. 16; *Ernst v. Sassaman*, 117 Pa. Superior Ct. 353, 178 A. 317.

The appellant asserts also that claimant's right to further compensation is barred by the execution of the final receipt. That was but an acknowledgment of money that was actually due him under the supplemental agreement which provided for partial disability. It did not deprive him of the right thereafter to seek the benefits of further compensation if his injuries increased, as they did under the testimony adduced. As Judge PARKER said in *Eberst v. Sears, Roebuck & Co.*, 133 Pa. Superior Ct. 427, 3 A. 2d. 25: "...... the receipt given the employer ceased to be a factor of any importance for the second paragraph of §413 authorized a re-examination under the facts here present notwithstanding the receipt given the employer."

The appellant contends in his brief that the decision of the board, filed October 23, 1936, modifying the conclusions of law reached by the referee, was final and conclusive as no appeal was taken to the court of common pleas and therefore it follows that claimant's condition is one of partial disability. It is true that as of that date he was found to be partially disabled, but he is not thereby barred from making further application

for relief within the 500-week period for increased or recurring disability.

That adjudication, however, has, in our view, a bearing on when claimant's payments of compensation should be renewed. The board, in affirming the referee, stated: "Shortly after the expiration of the 300-week period on November 9, 1936, the claimant filed a petition for review of compensation agreement on the ground that he was totally disabled. A week later, the claimant signed a final receipt for the moneys due him under the supplemental agreement for partial disability." The record discloses these statements to be erroneous. The 300-week period expired November 2, 1935, and the claimant did not file his petition for review of compensation for more than a year thereafter, to wit, November 9, 1936. The final receipt was not signed a week after he received his last payment of compensation but on the same day, as we have already noted.

We are confronted, therefore, with the situation that on October 23, 1936, the board rendered a decision, from which no appeal was taken. It was a definite adjudication as of that date of the extent of the employer's liability. The claimant having been determined then to be partially disabled, there were no further payments chargeable to the employer beyond November 2, 1935, the end of the 300-week period. Claimant's failure to avail himself of the procedure open to him, by appealing from that award or applying for a rehearing under section 426 of the Compensation Act (77 PS §871), deprived him of any additional payments alleged to be due prior to October 23, 1936.

True, the referee found in his last decision, filed March 29, 1937, which was approved by the board, February 16, 1938, that by reason of claimant's increased disability he was totally disabled on November 2, 1935, the end of the 300-week period, and that he was entitled to be paid compensation for the remainder of the 500 weeks. But the question of the extent of his disability

then, as above observed, had already been adjudicated as partial by the board in its decision of October 23, 1936. That determination, under the circumstances here presented, could not thereafter be disturbed. The claimant then "permitted the machinery of the compensation law to stop, so far as he was concerned," and it was not put in motion again until his petition for review was filed, so that from November 2, 1935, to October 23, 1936, he was not entitled to compensation: *Roeschen v. Dietrich et al.*, 107 Pa. Superior Ct. 298, 303, 163 A. 63.

There was competent evidence adduced that the claimant was totally disabled on October 23, 1936, and we have concluded that a judgment, based on payments due from that date to the expiration of the 500-week period following the accident, for total disability, if it continues that long, should be entered.

The judgment of the court below, as modified, is affirmed, with directions that the record be returned to the court of common pleas for the entry of a judgment in accordance with this opinion.