Stohan, Appellant, *v.* Rockhill Coal and Iron Company.

Argued March 12, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, RHODES and HIRT, JJ.

*John E. Evans, Jr.,* of *Margiotti, Pugliese, Evans & Buckley,* with him *James L. Colbert,* for appellant.

*Frank G. Smith,* with him *Robert V. Maine,* of *Smith & Maine* and *Henderson & Henderson,* for appellee.

OPINION BY PARKER, J., June 24, 1940:

The question raised by this appeal is whether a certain judgment entered by a court of common pleas in favor of the claimant in a workmen's compensation case for the permanent loss of the use of his leg, from which judgment no appeal was taken, was such a valid exercise of the power of the court that it is res judicata so that claimant could not at a later date, after the expiration of 215 weeks, the period the award had to run, petition the board for a modification of the judgment on the ground that he was then totally disabled as a result of the same accident. The appellant contends that the court of common pleas was without authority to enter the judgment which it did and that for that reason the judgment is not res judicata. This requires us to make some reference to the facts and the pleadings.

The accident occurred on December 16, 1929, and compensation was paid to claimant under a compensation agreement for total disability for about 18 months when he petitioned the board for a modification. A referee, after hearing, awarded him compensation for the loss of the industrial use of his right leg under §306 (c). On appeal the board reversed the findings of the referee and made an award for total disability under §306 (a). On an appeal to the Court of Common Pleas of Huntingdon County, that court affirmed the award for total disability but did not enter a judgment. On petition for reargument the court modified its previous order, allowed compensation for the loss of a leg, and entered a judgment for claimant.[1] All parties apparently acquiesced in the entry of the judgment, for

---

[1] "PER CUR:—Now, January 31, A. D. 1933, the decree heretofore made in this proceeding on November 10, 1932, is modified in accordance with our opinion filed, and the claimant, Joe Stohan, is awarded compensation for the period of 215 weeks from December 24, 1929, at $14.94 per week, making a total award of $3,312.10. The defendant having heretofore paid the compensation payments

compensation was paid to claimant monthly until February 5, 1934, the date of the expiration of the term the award had to run. On November 5, 1934, the claimant petitioned the board for a modification, alleging that his disability had increased. The referee, while finding that claimant's injuries were not confined to his leg and that he was then totally disabled, held as a matter of law that claimant was concluded by the former judgment of the court and dismissed the petition. On appeals the order of the referee was affirmed by the board and the Court of Common Pleas of Huntingdon County. The appellant says that the judgment of January 31, 1933, was not a valid exercise of any power possessed by the court and was therefore invalid.

The appellant concedes that if the judgment entered by the court on January 31, 1933, was a valid exercise of power possessed by the court, then the judgment now appealed from must be affirmed. The claimant did not appeal from the judgment of January 31, 1933, and consequently the matters in controversy decided by that judgment, if a valid one, are res judicata: *Melody v. Bornot, Inc.,* 112 Pa. Superior Ct. 174, 170 A. 408; *Borneman v. H. C. Frick Coke Co.,* 122 Pa. Superior Ct. 391, 396, 397, 186 A. 223. If the matters raised by the petition for modification were based upon a change in the disability of the claimant after the proofs were made in the former proceeding, the last petition for modification was not presented within the time that the award, which was for a definite time, had to run: §413 of the Workmen's Compensation Act, as amended April 13, 1927, P. L. 186 (77 PS §772); *Ernst v. Sassaman,* 117 Pa. Superior Ct. 353, 178 A. 317; *Zerby v. Reading Co.,* 125 Pa. Superior Ct. 397, 189 A. 681.

---

fixed by agreement to July 15, 1931, aggregating $1,215.12, judgment is now entered in favor of the claimant and against the defendant for $1,996.98, payable according to the provisions of the Workmen's Compensation Act, with interest on arrearage from the due dates of the payments."

Attacking the validity of the order made by Judge BAILEY, the appellant argues that the court in order to enter a judgment substituted a fact found by it, to the effect that claimant's injury was confined to the loss of his right leg, for a finding by the board that the injury extended above the leg to the acetabulum, the hip, and the surrounding muscles and tendons. He says that while a common pleas court could determine that the evidence would not support the award made by the board, that court could not find the fact necessary to support the award and judgment for the loss of the leg but should have sent the record back to the board to find the fact that the claimant had lost permanently the industrial use of his leg; and that while common pleas had jurisdiction of the person and of the subject matter, it had no power to enter the judgment which it did and its action was therefore void and may be collaterally attacked at any time. The appellant cites numerous authorities for the proposition that a judgment is invalid if the court did not possess the power or the authority to enter the judgment: 1 Freeman on Judgments, §§226, 354; 33 C. J. 1072; *Haverford Twp. Sch. Dist. v. Herzog,* 314 Pa. 161, 171 A. 455; *Romberger v. Romberger,* 290 Pa. 454, 139 A. 159; *Twp. Poor Directors v. County Poor Directors,* 25 Pa. Superior Ct. 595; *Simpson's Estate,* 253 Pa. 217, 98 A. 35; *Baker v. Carter,* 103 Pa. Superior Ct. 344, 157 A. 211; *Windsor v. McVeigh,* 93 U. S. 274, 23 U. S. S. C. Reports 914. Several of these cases involved situations where the court did not have jurisdiction of the subject matter.

All of this overlooks an important fact which must be taken into consideration in a determination of the issue. In the opinion entering the judgment from which this appeal is taken, the lower court said: "At the time of the oral argument of this case before us it was so stated and not denied, that at the time fixed for said reargument, January 17, 1933, counsel for the claimant and

defendant agreed on an amended decree to be filed by the court, and on January 31, 1933, the Court entered a decree modifying its decree made November 10, 1932 and awarded the claimant compensation for a period of 215 weeks from December 24, 1929, at $14.94, making a total award of $3,212.10 which was equivalent to payments for the loss of the use of a leg."

Even in the brief filed in this court the statement that the decree was entered by consent of all parties is unchallenged, but it is urged in avoidance that the parties could not give the court jurisdiction by consent and that the claimant could not enter into a binding agreement fixing compensation without the approval of the board as provided by §408 of the statute (77 PS §732).

Conceding that the common pleas court had jurisdiction of the subject matter and the person, did it have the power and authority to enter a judgment of the kind that it did? The statute expressly authorizes the court of common pleas to entertain appeals "on matters of law", and if the appeal is sustained by the court the record shall be returned to the board "for further hearing and determination", impliedly, in harmony with the court's interpretation of the law: 77 PS §§872, 879. Where, however, the findings of fact are such that it is only necessary to apply the law properly to facts found in order to determine the controversy, then there would not seem to be any good reason why the court should not enter the judgment for the correct amount, and we believe the statute contemplates such action.

We therefore hold that if the findings of the board are so definite that it is only necessary to apply the law to those facts to ascertain the amount of compensation due the claimant, then the court may enter the judgment for the proper amount unless some reason appears for taking additional evidence.

The court was of the opinion that the findings of the

board warranted the deductions that claimant had lost the permanent use of his right leg, but that there was no evidence sufficient to support the finding that claimant had suffered any injury to any part of the body above the leg. This conclusion was based on the fact that claimant was found to be totally disabled and that there were no injuries proven except to the leg. It may be that this reasoning disregarded the absence of a finding by the board that the injury to the leg was such that the loss of use would be permanent and equivalent to the actual loss of the member. Even if such was the case it was a mere error of law upon the part of the court for which the remedy was by appeal. The court in entering the judgment was exercising a power entrusted to it; it was still acting in a matter entrusted to it and in the manner and form prescribed by statute; it had the power and authority to enter the kind of a judgment it did. There was not an absence of authority "to render the particular judgment or award" which it did, but rather a mistake or error in the course of its reasoning. It follows that the remedy was by appeal and the judgment was not a void judgment.

However, the defendant and claimant not only admitted the fact, in court before Judge BAILEY, that the injury was confined to the leg and that the loss of the leg was permanent, but they joined in a request that judgment be entered for the amount fixed under §306 (c). This supplied the court with all facts necessary to apply the law. The court had authority to enter the kind of a judgment which it did and it made the proper order.

If it be suggested that the board might have received additional testimony from either of the parties after the record had been returned to it, it is a complete answer that the parties agreed upon the facts. This was really a concession to the claimant who might have been required to prove that the loss of the leg was permanent

and it would seem that he ought not now to be heard to complain after he has accepted payment of that judgment in full. Even then, he delayed his application for modification for nine more months.

We do not think there is any merit in the position of appellant that the claimant when represented by counsel before the court could not consent to a finding of fact without the approval of the board. This was not a proceeding in which the parties entered into a compensation agreement, but was one where the claimant had sought an award after he had a compensation agreement and when he was protected by counsel. The statute does not contemplate that every agreement of a party in the course of a controversy after it has left the board must have the consent of the board before he is bound by his agreement, and particularly so when the agreement was a concession to him.

We have carefully considered the brief presented by claimant's able counsel and examined all the authorities cited, yet we are all of the opinion the judgment should be affirmed.

Judgment affirmed.