Kauffman *v.* United Engineering & Foundry
Company et al., Appellants.

Argued April 20, 1943.   Before KELLER, P. J., BALD-
RIDGE, STADTFELD, RHODES, KENWORTHEY and RENO, JJ.
(HIRT, J., absent)

*H. A. Stewart,* for appellants.

*P. K. Jones,* with him *A. A. Fishkin,* for appellee.

PER CURIAM, July 16, 1943:

On March 31, 1938, appellee was awarded workmen's compensation for total disability for the period from September 18, 1937 to November 8, 1937. The compensation was paid on April 30, 1938.[1]

On January 14, 1939, appellee filed a petition for reinstatement on the ground his disability had recurred. The testimony offered in support of this petition indicated that his disability had not ended on November 8, 1937; that the injury to his left knee had left a torn movable cartilage and some residual disability; and that, although he was able to work until December 28, 1938, on that date the irritation caused by the displaced cartilage totally disabled him.

On the basis of this evidence, the board made an award of compensation for total disability commencing December 28, 1938. The court of common pleas affirmed; the employer appeals.

There is ample evidence to support the finding that total disability recurred on December 28, 1938. The fact is, and the board so found, that the previous conclusion that all disability had terminated as of December 8, 1937 was erroneous. But, although the evidence indicated the conditions responsible for the disability—the torn cartilage—remained constant throughout, it does not follow, as appellant contends, that there was, therefore, no evidence of a *change or recurrence* sufficient to support the award. What the evidence indicates is that the disability changed from partial to total on December 28, 1938. Appellee might have filed a petition for rehearing under Section 426, Act of 1915, June 2, P. L. 736, as amended, 77 PS 871,

---

[1] The board found that the receipt was dated April 19, 1938 but that the draft was paid April 30, 1938. See *Uglaky v. Hudson Coal Co.,* 152 Pa. Superior Ct. 301, 31 A. (2d) 743.

and asked for compensation for partial disability from December 8, 1937 to December 28, 1938 and for total disability thereafter. The fact that he did not is no ground for appellant to complain.

Appellant's contention that the petition of January 14, 1939, was filed too late is without merit. It was filed within a year after the last payment of compensation which is the only limitation mentioned in the second paragraph of Section 413, 77 PS §772, under which the petition was filed. The dictum in *Downs v. Linton's Lunch*, 134 Pa. Superior Ct. 248, 253, 3 A. (2d) 971, that the recurrence, in order to be compensable, must have occurred within one year after the date as of which the original disability ceased, has no support either in the Act itself or in any of our decisions.[2] It is, therefore, disapproved.

Judgment is affirmed.

---

[2] Affirmed by the Supreme Court in 334 Pa. 415, 6 A. (2d) 515, on the opinion of Judge CUNNINGHAM, but the statement in question was not necessary to the decision.