Kissel *v.* Harbison-Walker Refractories Company,
Appellant.

Argued October 25, 1944. Before KELLER, P. J.,
BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*I. Newton Taylor,* with him *F. H. Atwood,* for appellant.

*Samuel H. Stewart,* for appellee.

OPINION BY RHODES, J., March 5, 1945:

Claimant sustained an accidental injury while in the employ of defendant on February 13, 1935. While pushing a brick car to the kiln his feet slipped on ice and his back was injured by striking the cross brace of the car and the rivet located in the center of the brace. Claimant returned to work on March 3, 1935. The parties entered into an open agreement for total disability under the terms of which claimant was paid compensation from February 21, 1935, to March 3, 1935. A final receipt was signed by claimant. Claimant was then assigned to light work which he performed until December, 1935, at which time he was sent to the hospital for X-rays. This was the first time after the accident that any X-ray examination was made. He returned to work in January, 1936, and acted as a watchman until March, after which his duties consisted of sweeping up the yards. In August, 1936, he was obliged to discontinue all work. On October 26, 1936, a supplemental agreement was executed by the parties which stipulated that claimant was totally disabled, but which provided that fifty per cent of his disability was the result of the accident, and fifty per cent due to natural causes. Payments were made for such partial disability until November 20, 1940, the

end of the 300-week period. On December 20, 1940, claimant filed a petition for review provided by the first paragraph of section 413 of the Act of June 2, 1915, P. L. 736, as reenacted and amended by the Act of June 21, 1939, P. L. 520, 77 PS §771. The petition set forth that the supplemental agreement "was entered into under mistake of fact and that the claimant was, as a matter of fact, entitled to total permanent disability as of August 17, 1936. This disability was caused solely by a blow to his back resulting in a compressed fracture of the lumbar vertebrae causing total disability. This total disability developed exostosis of the sacroiliac. Claimant has been continuously totally disabled since the date set forth." In referring to the execution of the supplemental agreement, the board in its opinion has described what transpired as follows: "The testimony taken established that the claimant did not know that he had a fractured back until the fall of 1940; that his attorney who was referred to in the supplemental agreement attempted to ascertain the extent of claimant's disability prior to the execution of the agreement but Dr. Keichline advised him that since the X-rays he took in 1935 were paid for by the defendant he was not at liberty to disclose the findings to the claimant; that after an exchange of correspondence with defendant's attorney he was advised by letter dated August 28, 1936, that the defendant 'never found any evidence of fracture of any of his spinal vertebrae'; that claimant's attorney relied on this representation of defendant's attorney in advising his client to sign the supplemental agreement."

Claimant, after returning to work, was able to continue intermittently with various assignments until August, 1936, when his condition became such that he was obliged to stop work altogether. The supplemental agreement of October 26, 1936, clearly recognized a recurrence of total disability, but there was an obvious compromise as to the cause of such disability. The

board found, inter alia, as follows: "The credible evidence not only shows that claimant had suffered a fracture in the accident of February 13, 1935, but that his condition became aggravated by the failure to properly and promptly treat the claimant for the injuries he sustained. We also believe that the work performed by the claimant following the accident contributed to his condition." The board sustained the order of the referee allowing compensation for total disability beginning August 17, 1936, with credit to defendant for payments from August 17, 1936, to November 20, 1940. The court below on appeal affirmed the board and entered judgment in favor of claimant. Defendant has appealed.

The court below held that claimant was entitled to have the original agreement reinstated under the second paragraph of section 413 of the Workmen's Compensation Act, supra, 77 PS §772. In this respect the court below recognized that if the claimant is entitled to relief under any section of the statute his petition should be considered as filed under that section. *Hill v. Booth & Flinn Co. et al.*, 146 Pa. Superior Ct. 575, 580, 23 A. 2d 85; *Gardner v. Pressed Steel Car Co. et al.*, 122 Pa. Superior Ct. 592, 598, 186 A. 410. Appellant's contention upon this appeal is that claimant's petition was barred by the statute of limitations. If claimant had been merely attempting to have reviewed or modified a terminated agreement by application of the provisions of the first paragraph of section 413, 77 PS §771, there would be merit in appellant's contention. Such is not the situation as, by the supplemental agreement, the parties recognized a recurrence of claimant's total disability, and the only question for determination was the cause of this recurrence or the extent of the disability attributable to the accident. The referee and board disposed of that question in favor of claimant, and the testimony supports their finding that the total disability since August 17, 1936, was the result of

claimant's accidental injury on February 13, 1935. Appellant's argument is not directed along the lines that the testimony is inadequate in this respect; and we are not in sympathy with the application of a technical approach which would defeat a meritorious compensation claim. *Petrovan v. Rockhill Coal & Iron Co.*, 130 Pa. Superior Ct. 58, 64, 196 A. 516.

Claimant's petition was filed within a year after the last payment under the supplemental agreement and within the period of 500 weeks from the time of the accident. *Hill v. Booth & Flinn Co. et al.*, supra, 146 Pa. Superior Ct. 575, 586, 23 A. 2d 85; *Kauffman v. United Engineering & Foundry Co. et al.*, 153 Pa. Superior Ct. 67, 69, 33 A. 2d 85. The final receipt is not a bar to compensation thereafter upon the recurrence of total disability within the 500-week period, and the supplemental agreement is no longer a factor excepting to furnish evidence of the credits to which appellant is entitled. *Hill v. Booth & Flinn Co. et al.*, supra, 146 Pa. Superior Ct. 575, 582, 586, 23 A. 2d 85; *Augustine v. Evert Lumber Co.*, 134 Pa. Superior Ct. 167, 171, 3 A. 2d 284; *Smith v. Union Collieries Co.*, 155 Pa. Superior Ct. 389, 392, 38 A. 2d 407.

Judgment is affirmed.