## Osika, Appellant, *v.* Hudson Coal Co.

*Workmen's compensation—Appeals—Review—Evidence.*

1. In reviewing an appeal in a workmen's compensation case, it is the duty of the appellate court to consider whether there is evidence to support the findings of the board and the court below, and, if so, whether the law has been properly applied.

2. A workman's widow is not entitled to compensation for her husband's death where it appears the deceased had absented himself from the employment as a mine foreman about a month, that in the meantime he had engaged in the hotel business, his name was dropped from the list of defendant's employees, and he was killed in the mine at a time when, with defendant's permission, he had returned for the sole purpose of procuring his tools.

Argued April 11, 1922.   Appeal, No. 232, Jan. T., 1922, by plaintiff, from judgment of C. P. Luzerne Co., Oct. T., 1921, No. 140, sustaining decision of Workmen's Compensation Board, disallowing award, in case of Apolonia Osika et al. v. Hudson Coal Co.   Before Moschzisker, C. J., Frazer, Simpson, Kephart and Schaffer, JJ.   Affirmed.

Appeal from decision of Workmen's Compensation Board.   Before Fuller, P. J.

The opinion of the Supreme Court states the facts.

Decision disallowing award affirmed.   Plaintiff appealed.

*Error assigned,* inter alia, judgment, quoting record.

*Roger J. Dever,* for appellant, cited: Gallagher v. Mfg. Co., 264 Pa. 29; Ferri v. Quarry Co., 266 Pa. 264; Belmonte v. Connor, 263 Pa. 470; Stahl v. Coal Co., 268 Pa. 452; Kuca v. Coal Co., 268 Pa. 163; Clark v. Coal Co., 264 Pa. 529; Knorr v. R. R., 268 Pa. 172.

*James H. Torrey,* for appellee, cited: Flucker v. Steel Co., 263 Pa. 113; Spizzirri v. Krouse, 73 Pa. Superior Ct. 476.

OPINION BY MR. JUSTICE FRAZER, May 15, 1922:

Plaintiff appeals from the judgment of the court below, sustaining a decision of the Workmen's Compensation Board, refusing compensation to appellant for the death of her husband, on the ground that the relation of employer and employee, between deceased and defendant had terminated at the time he received the injury resulting in his death. In reviewing the case it is our duty to consider whether there is evidence to support the findings of the board and the court below and, if so, whether the law has been properly applied: Kuca v. Lehigh Valley Coal Co., 268 Pa. 163; Strohl v. Eastern Penna. Ry. Co., 270 Pa. 132.

Deceased, a coal miner, had been employed in defendant's mines for approximately eighteen months and, on February 14, 1920, absented himself from work, without explanation or excuse, not returning until March 10, 1920, at which time he appeared at defendant's colliery and requested of the foreman permission to remove his tools from the mine. Permission to do so was given him .by the foreman and while in the mine engaged in this errand he received injury resulting in his death. The foreman testified he made no inquiry at the time to ascertain deceased's reason for quitting his employment, as he already was aware deceased had engaged in the hotel business. There is other evidence that he had purchased and taken possession of a hotel. Further, it appears deceased met with a slight accident which temporarily incapacitated him for work. We find nothing, however, in the evidence showing that he gave this or any other excuse for his absence from the colliery. He merely called for the purpose of procuring his tools and receiving permission to remove them from the mine. Pursuant to the usual custom of defendant, upon deceased failing

to return to work after February 14th, his name was dropped from the list of employees and his number assigned to another workman, consequently, had he returned on March 10th for the purpose of resuming work he could do so only as a new employee and by registering as such. This state of facts plainly indicates decedent was not in defendant's employ at the time of the accident, that he had no intention of resuming work as a miner but, on the contrary, had terminated his employment previous to that time and that his presence in the mine was solely for the purpose of securing and removing personal property belonging to him. It follows that the conclusion reached by the compensation board and the court below was the only proper one that could be reached under the circumstances of this case.

The judgment is affirmed.