## Laraio v. Pennsylvania Railroad Co., Appellant.

*Workmen's compensation—Appeals—Evidence—Findings.*

1. In Workmen's Compensation cases the revisory powers of the appellate court are limited to a determination of the question whether there is evidence to support the findings and whether the law has been properly applied to them.

*Workmen's compensation— Death—Suicide—Evidence—Burden of proof—Act of June 2, 1915, section 301, article III, P. L. 738.*

2. On a claim for compensation for death of a workman, where suicide is claimed as a defense, the burden of proof is on the employer to show it.

*Workmen's compensation — Death — Course of employment — Place of death—Unknown cause.*

3. Where death of a workman is accidental, it is not incumbent on a claimant to show the exact nature of the accident or just how it occurred.

4. An accident sustained in the course of employment from an unexplained cause is compensable.

5. When the dead body of a workman is found shortly after he had reported for work, on the ground, outside of and close to a building, directly beneath an open window of a toilet room on the third floor of such building, and it appears that he had frequently been ordered to go to this building in the course of his employment, and also that he had a right to use the closet therein, it will be presumed, in the absence of any evidence as to the cause of the accident, that the deceased met his death from an accident in the course of his employment.

6. Such a presumption is further strengthened by the fact that there were marks on the window sill of the toilet room which might have been made by deceased in an endeavor to save himself from falling.

7. The Pennsylvania Workmen's Compensation Act differs from the English act and the acts of other states in that the injury, to be compensable, does not have to arise out of the employment; it need only occur in the course of it.

Argued April 16, 1923. Appeal, No. 159, Jan. T., 1923, by defendant, from judgment of C. P. Blair Co., March T., 1922, No. 174, affirming decision of Workmen's Compensation Board, in case of Fifoniena Laraio *v.* Pennsylvania Railroad Co. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board affirming award of compensation by referee, on hearing de novo. Before BALDRIGE, P. J.

The opinion of the Supreme Court states the facts.

Decision affirmed. Defendant appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*Harry Z. Maxwell,* with him *Riley & Hicks,* for appellant.—The burden of proof was not on the employer: Keyes v. Ry., 265 Pa. 105; Flucker v. Steel Co., 263 Pa. 113; Kuca v. Coal Co., 268 Pa. 163.

An inference of fact should not be drawn from premises which are uncertain; but the facts upon which an inference may legitimately rest must, it is said, be established by direct evidence as if they were the very facts in issue. It follows that one presumption cannot be based on another presumption: Phila. City Passenger Ry. Co. v. Henrice, 92 Pa. 431; McAleer v. McMurray, 58 Pa. 126; Tanner v. Hughes, 53 Pa. 289; Douglass v. Mitchell, 35 Pa. 440; Hall v. P. R. R. Co., 60 Pa. Superior Ct. 235; Eigenbrodt v. Williamsport, 44 Pa. Superior Ct. 437; Bube v. Borough, 25 Pa. Superior Ct. 88; Buck v. Cab Co., 75 Pa. Superior Ct. 440.

*S. B. Hare,* for appellee.—There is sufficient justification for the presumption that the deceased met death while in the course of his employment: Zelazny v. Coal Mining Co., 275 Pa. 397; Flucker v. Steel Co., 263 Pa. 113; Granville v. Coal Co., 76 Pa. Superior Ct. 335; Haddock v. Steel Co., 263 Pa. 120; Ferri v. Quarry Co.,

266 Pa. 264; Dzikowska v. Steel Co., 259 Pa. 578; Blouss v. Ry., 73 Pa. Superior Ct. 95; Kuca v. Coal Co., 268 Pa. 163.

OPINION BY MR. JUSTICE SCHAFFER, May 7, 1923:

Whether there is warrant in the record for the conclusion that deceased, for whose death compensation was awarded, received accidental injuries in the course of his employment, is the question presented by defendant on this appeal.

In compensation cases our revisory powers are limited to a determination of the question whether there is evidence to support the findings and whether the law has been properly applied to them: Rodman v. Smedley, 276 Pa. 296.

From the testimony, the following facts could be found: Claimant's husband, on the day of his death, was employed by defendant as a janitor for one of its buildings; at times he was required, under orders from his superiors, to go to other parts of the plant. At the usual hour for returning to work after lunch, he reported for duty, dressed for work, was checked up by his foreman and was in his customary place of employment when the whistle blew; shortly thereafter he was seen going in the direction of another building in the plant, where he was shown to have gone frequently, under directions from his superiors; a few minutes later, he was found on the ground, outside of, and close to this building, directly beneath an open window in a toilet room on the third floor, suffering from injuries which caused his immediate death. The deceased had a right to use the toilets; there were none in the building of which he was janitor. There were marks on the window sill which might have been made by decedent in an endeavor to save himself from falling. No one witnessed what occurred.

Claimant's theory is that he accidentally fell from the window, and her position is that this inference, under our previous rulings, can be drawn from the testimony.

Defendant suggests that the deceased may have committed suicide by throwing himself from the window, but there is no evidence of this, and "The burden of proof of [death intentionally self-inflicted] shall be upon the employer": Workmen's Compensation Act of June 2, 1915, article III, section 301, P. L. 738.

It is a fair conclusion arising from the evidence, that it was part of decedent's duty to visit other portions of the plant, including the building in question, by direction of his superiors, and that he was on such a mission when he met his death. Defendant did not call as witnesses all those persons in the department where decedent worked, who were entitled, because of their positions, to command his services, to show that no order was given him to proceed to the building from which he fell or to its vicinity—being in the vicinity, his repairing to the toilet room, was not an unnatural or unwarranted act; he was none the less in the course of employment if he visited it because required so to do: Ferri v. Lenni Quarry Co., 266 Pa. 265; Dzikowska v. Superior Steel Co., 259 Pa. 578.

Appellant endeavors to bring itself under the ruling in Kuca v. Lehigh Valley Coal Co., 268 Pa. 163. The cases are readily distinguishable on their facts. In the Kuca Case, the decedent met his death, not at a place in the mine where his employment took him, but in an old abandoned working, where no duty called him, and where he could not have been in the course of his employment.

The controlling authorities against appellant are: Flucker v. Carnegie Steel Co., 263 Pa. 113; Zelazny v. Seneca Coal Mining Co., 275 Pa. 397; and Granville v. Scranton Coal Co., 76 Pa. Superior Ct. 335, in none of which was there an observer of the accident. In the Zelazny Case, we said, "Where death is accidental, it is not incumbent upon a claimant to show the exact nature of the accident or just how it occurred......An accident sustained in the course of employment from an unexplained cause, is compensable." In the Flucker Case,

the principle was stated: "Where no facts appear indicating anything to the contrary, it may be presumed logically that an employee at his regular place of service, during his usual working hours, is there in discharge of some duty incident to his employment; and, when the dead body of an employee is found on the premises of his employer, at or near his regular place of service [in the instant case at a place where he had been frequently ordered to go] under circumstances fairly indicating an accidental death which probably occurred during the usual working hours of the deceased, the inference may fairly be drawn, in the absence of evidence to the contrary, that the employee was injured in the course of his employment." This further observation in the Flucker Case is most pertinent to the one in hand: "We may add that, while the present conclusion, as to the manner of death, rests upon circumstantial evidence, there having been no eye witness to the actual occurrence, yet this is by no means unusual,......That situation is present in many cases where verdicts for the plaintiff have been affirmed [citing cases]." In the Granville Case, it was not shown what the deceased was doing when he fell into the gears which killed him or how the accident happened.

The English cases and those from other jurisdictions, called to our attention by appellant, cannot be controlling with us. Our act differs from the English and from those of some other states, in that the injury to be compensable does not have to arise out of the employment; it need only occur in the course of it: Dzikowska v. Superior Steel Co., 259 Pa. 578; Lane v. Horn & Hardart Baking Co., 261 Pa. 329; Clark v. Lehigh Valley Coal Co., 264 Pa. 529; Callihan v. Montgomery, 272 Pa. 56. Statutes containing the double requirement, that the accident must arise out of and in the course of employment, necessarily limit the field of recovery to a smaller area than we have provided.

The judgment is affirmed.