Fedak, Appellant, v. Dzialdowski.

Argued March 2, 1931.

Before Trex-
ler, P. J., Keller, Linn, Gawthrop, Cunningham,
Baldrige and Drew, JJ.

*John H. Dando,* and with him *Charles M. Bowman* and *A. A. Maguire,* for appellant.

*Wm. A. Skinner,* for appellee.

OPINION BY LINN, J., March 13, 1931:

The question is whether the Workmen's Compensation Board should have granted claimant's petition for rehearing, instead of dismissing it and affirming the d:sallowance of the claim by the referee. On appeal, the common pleas affirmed the action of the board.

The board has ample power to grant rehearings; Sec. 426, 1919, P. L. 642, 645; 1927, P. L. 186, 196; 77 PS Sec. 871; Manley v. Lycoming Motors Corp., 83 Pa. Superior Ct. 173.

Claimant's husband was killed by a fall in the course of his employment as carpenter. It was said in argument that claimant was illiterate and ignorant and filed her claim petition without legal assistance; that while she was represented by counsel at the hearing, he first heard of the case on the day it was heard and was perhaps inadequately instructed about the facts. On the evidence then introduced the referee disallowed the claim on the ground that the employment was casual and not in the regular course of the business of the employer. The referee found: "That Joseph Dzialdowski, defendant, is a merchant, in Glen Lyon, Luzerne County, Pennsylvania. He sells groceries, meats and feed. On his property is a large warehouse. Mr. Dzialdowski desired to convert the warehouse into a three family apartment with a private garage. He employed Edward Conesey as foreman on this job: At the end of two months Conesey employed Michael Fedak [claimant's husband] to

assist in the work, agreeing to pay him $8 per day. It was while engaged in the work of remodeling defendant's warehouse that Michael Fedak sustained the injuries which caused his death.''

Claimant then appealed to the board, and before the appeal was heard, filed with the board a petition prepared by counsel, asking ''that this case be reopened and a rehearing granted your petitioner, as the merits and justice of the case require.'' She made part of her petition the affidavits of three persons, whom she proposed to call as witnesses, stating facts to which they would testify. The board considered the case (as it states) ''both on appeal and petition for rehearing,'' but without taking additional evidence, and dismissed the appeal; it appears to have been of opinion that even if the facts averred in the petition for rehearing were proved, the employment was casual and not in the regular course of business.

We think that the petition should have been granted. In actions at law the statutes authorizing the amendment of pleadings are liberally construed in order to reach the merits of a case: Schoneman v. Fegley, 7 Pa. 433; in equity the same liberality prevails; Dick's App., 106 Pa. 589; as the administration of the compensation law is not ''litigation'' in any strict sense (Manley v. Lycoming Motors Corp., supra; Gairt v. Curry Coal Min'ng Company, 272 Pa. 494, 498) the same liberality at least should be applied to the pleadings, if that term may be used. In that light we examine the petition and the evidence received by the referee.

The employer, when asked what his business was, answered ''merchant and fire insurance;'' he testified that he was remodeling a warehouse by converting the upper part into three apartments for rent, and the lower part into a garage for four cars. When completed, the three apartments and the garage were rented to tenants. In the petition for rehearing, she

alleged that her ignorance of and unfamiliarity with English and with her rights prevented her from adequately advising her counsel of essential facts; that, after the hearing, she discovered additional material evidence not discoverable by reasonable diligence before, and that this evidence was to the effect that for a period of several years prior to the accident, defendant "was engaged in the business of buying and selling real estate, and contracting, remodeling dwelling houses and apartments for profit and gain;" that in the course of said business he had purchased several properties in specified places and remodeled them into dwelling houses and apartments for which he received rents; that in the course of said work he employed workmen, who worked under his supervision and authority, and who were instructed to employ additional workmen, and that the work on which decedent was engaged at the time of his death was the conversion of a warehouse "into a three family apartment house" and a garage, which were all subsequently rented.

Section 104 of the act (1915, P. L. 736), so far as here material provides: "the term 'employee' as used in the act is declared to be synonymous with servant and includes all natural persons who perform services for another for a valuable consideration exclusive of persons whose employment is casual in character and not in the regular course of the business......" The petition for rehearing is perhaps not as definite in averment as it might be, but it suggests clearly that in the several years preceding the accident, the regular course of defendant's business included buying houses and converting them into dwellings and apartments which he rented to tenants; it states this sufficiently to require the taking of the evidence; it remains to be seen, of course, what findings of fact can be made from the evidence offered. It cannot now be determined whether the transactions are of such isolated

character as not to be fairly included in the phrase "regular course of business," but there is enough in the averments to justify a hearing. It is, of course, obvious, if part of the business of defendant was the purchase and remodeling of houses, and renting them, as stated, and if, in the regular course of that business, he was so engaged in remodeling the warehouse for the purpose of renting the apartments, decedent was not a casual employee within the decisions in Marsh v. Groner, 258 Pa. 473; Callihan v. Montgomery, 272 Pa. 56; Blake v. Wilson, 268 Pa. 469; Smith v. P. R. etc., Co., 86 Pa. Superior Ct. 136.

The order appealed from is reversed and the record is remitted with instructions to return it to the Workmen's Compensation Board for further action.