Conley, Appellant, *v.* Allegheny County et al.

Argued November 9, 1936.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and
RHODES, JJ.

*Louis Vaira,* with him *M. E. Catanzaro,* for appellant.

*Harold E. McCamey,* of *Dickie, Robinson & McCamey,* with him *William W. Matson,* for appellee.

OPINION BY BALDRIGE, J., December 11, 1936:

In this workmen's compensation case an agreement was entered into September 25, 1931, and payments were made thereunder for a little over six weeks. Claimant signed a final receipt on October 14, 1931, and on October 4, 1933, she filed a petition alleging that "at the time final receipt was signed I was disabled, and I am still disabled." The defendant filed a general denial of any further liability. Referee Zatkovich dismissed the petition because it was filed more than one year after the execution of the receipt. The board sustained the conclusion of the referee; thereupon an appeal was taken to the court of common pleas but before the appeal was heard, the claimant filed a petition for a rehearing before the board. Her prayer was granted and the record remanded to Referee Capano, who, on October 22, 1935, made certain findings of fact, conclusions of law, and granted an award in plaintiff's favor. On appeal, the board, on July 9, 1936, again remanded the case to the referee for a further hearing, as in his findings he did not specifically "set aside the final receipt; nor did he make mention of it at all," and expressed the opinion that from the record it was not able to arrive at a proper determination of the case and that the claimant should have another opportunity to prove the circumstances attending the execution of the receipt. On appeal to the court of common pleas, the board's action was sustained.

. The sole question raised by the appellant is that as the referee's award is dated November 21, 1935, the

defendant's appeal sworn to December 12, 1935, and received by the board December 13, 1935, was not taken within twenty days after notice of the referee's award was served, as provided for in section 423 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, art. IV, as amended January 5, 1934, P. L. 215, §1 (77 PS §853). The defendant, in its answer to the motion to quash the appeal, averred that the referee's opinion was not received until November 23, 1935, and that averment was not denied. The learned court below in its opinion stated that the letter of transmittal of the referee's award was not received by defendant until November 23, 1935, "as evidenced by time clock stamp on three pages of the Referee's opinion which was exhibited to this Court by the defendant's counsel at the time of the oral argument."

Section 406 of the Workmen's Compensation Act, supra, as amended June 26, 1919, P. L. 642, §6 (77 PS §717), provides that all notices shall be deemed served on the date when mailed, properly stamped and addressed; "but any party may show by competent evidence that any notice or copy was not received, or that there was an unusual or unreasonable delay in its transmission through the mails. In any such case proper allowance shall be made for the party's failure within the prescribed time to assert any right given him by this act."

Liberality in compensation cases, so that the merits may be determined, prevails not only in the construction of statutes and in respect to pleadings (*Fedak v. Dzialdowski*, 101 Pa. Superior Ct. 346, 349), but also in the granting of relief to any party concerned by way of review.

We think the facts disclose that the appeal was taken in time.

*Wise v. Cambridge Springs Boro.*, 262 Pa. 139, 104 A. 863, and *Root v. Dunlop & Son*, 90 Pa. Superior Ct.

96, and the other cases cited by appellant, can be readily distinguished in their facts from the case at bar and are not controlling.

There is an additional weighty reason why the present appeal cannot be successfully maintained. The referee was required to state distinctly his findings on the issues involved. This he failed to do. It was, therefore, clearly within the powers of the board to remand the case for that purpose, as a year had not elapsed since the last order was made. The referee is simply the board's agent; his award or disallowance of compensation, as the case may be, unappealed from, is the action of the board. If, in its judgment, justice requires a review of its own act, it can grant a rehearing, subject to legislative limitations: *Manley v. Lycoming Motors Corp.* et al., 83 Pa. Superior Ct. 173; *Greeby v. Phila. Asbestos Co.,* 120 Pa. Superior Ct. 9, 181 A. 452.

Section 426 of the Workmen's Compensation Act, supra, as amended by the Acts of June 26, 1919, P. L. 642, and April 13, 1927, P. L. 186 (77 PS §871), provides: "The board, upon petition of any party and upon cause shown, ...... may grant a rehearing of any petition upon which the board has made an award or disallowance of compensation or other order or ruling, or has sustained or reversed any action of the referee."

We are of the opinion that the learned court below properly sustained the action of the board.

Decree is affirmed.