## Petrovan, Appellant, *v.* Rockhill Coal and Iron Company.

Argued October 25, 1937.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and
RHODES, JJ.

*William W. Litke,* with him *Edward J. Thompson*
and *C. Jewett Henry,* for appellant.

*Frank G. Smith,* with him *Robert V. Maine,* of *Smith
& Maine,* for appellee.

OPINION BY BALDRIGE, J., January 27, 1938:

The claimant in this workmen's compensation case
while in the course of his employment on February 17,
1933, received severe third-degree burns of his left side
when powder in a cartridge he was handling ignited.
The case has a long history, having been before referees
five times. Some reference to the course it followed is
necessary.

Shortly after the accident, an agreement was entered into whereby compensation was paid claimant for total disability. This agreement was terminated by Referee Hess, and claimant was awarded compensation for partial disability. On September 5, 1934, under a petition presented by the defendant, the referee filed an order terminating all compensation as of April 1, 1934. Fifteen days later claimant filed a petition for reinstatement, alleging that he has a lung condition, known as bronchiectasis, attributable to the accident, for which no provision had been made in the compensation agreement.

The referee, on November 13, 1934, without a hearing, dismissed the petition for lack of jurisdiction, stating:

"Your referee on September 5, 1934 terminated compensation in this case effective as of April 1, 1934. Claimant took no appeal from this decision. *His remedy is to petition the Workmen's Compensation Board for a rehearing.* The petition, therefore, being out of order and your Referee having no jurisdiction the same is accordingly dimissed." (Italics supplied.)

Claimant's application for reinstatement was inappropriate, but it was an innocuous move and did not bar him from petitioning for a rehearing. Consequently, it may be entirely disregarded: *Porto v. P. & R. C. & I. Co.*, 124 Pa. Superior Ct. 431, 436, 188 A. 559.

On November 21, 1934, the claimant, following the referee's suggestion, petitioned the board for a rehearing, and on January 4, 1935, the board remitted the record for further hearing and determination to Referee Walsh, who, on February 26, 1935, also terminated the agreement as of April 1, 1934. Claimant then appealed to the board and it again remanded the record to the referee with instructions to appoint an impartial physician to examine the claimant and give an opinion. Accordingly, Dr. Waterworth was chosen and his testi-

mony was taken. The referee concluded once more that there was no causal connection between the bronchiectasis and the injury, and denied compensation. Upon appeal, the board reversed the findings of the referee, found that the bronchiectasis is directly attributable to the accident, and awarded compensation for partial disability. The court of common pleas, upon appeal, in reversing the board, said:

"We are, therefore, of the opinion that no appeal having been taken from the decision of the Referee dated November 13, 1934, in dismissing the petition for reinstatement and this being a final appealable order that it became res adjudicata. That no appeal was taken to the Board from the Referee's determination of compensation as of April 1, 1934, and this is conclusive determination that claimant's compensable disability ceased on the fifth day of September, 1934, the date of the Referee's Order of Termination."

We are unable to agree with that conclusion. In the first place, the referee's order was not final, and it clearly was not intended by him to be such. He did not attempt to pass upon the merits of claimant's averments, but disposed of his petition on technical grounds. Claimant, admittedly, has a serious, progressive, disabling involvement of the lungs, known as bronchiectasis, which, he contends, was caused, or at least aggravated, by the accident. In his application for reinstatement, he was endeavoring, for the first time, to inform the compensation authorities the true diagnosis of his lung trouble. He and the attending physician knew that his bronchial tubes or lungs were involved shortly after the accident, but claimant had no knowledge of the cause, character, or extent thereof until a short time before presenting his petition for reinstatement. The facts upon which he relied in his petitions for reinstatement and a rehearing did not relate to any change which had occurred in his condition since the

agreement was terminated on September 5, 1934. Concededly, the claimant did not come under section 413 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended (77 PS §772) : *Melody v. Bornot, Inc. et al.,* 112 Pa. Superior Ct. 174, 182, 170 A. 408.

When claimant began to cough, not long after the accident, his lungs were X-rayed to determine whether there was a possibility of tuberculosis, but it was not until the hearing on February 8, 1935, that his actual condition was known by anyone except Dr. Hutchinson, defendant's physician, who, at that hearing, said that he knew in June, 1933, claimant had a chronic condition of bronchiectasis; but he did not disclose that knowledge when he testified before the referee in October, 1933. Dr. Hutchinson, no doubt, felt it unnecessary to refer to claimant's lung trouble as he consistently stated that it in no way was attributable to the accident.

The rehearing was had under section 426 of the Workmen's Compensation Act (77 PS §871), which provides that the board, upon petition of any party and upon cause shown, provided the court of common pleas has not taken final action on an appeal, "may grant a rehearing of any petition upon which the board has made an award or disallowance of compensation or other order or ruling, or has sustained or reversed any act of the referee, but such rehearing shall not be granted more than one year after the board has made such award, disallowance, or other order or ruling, or has sustained or reversed any action of the referee."

Confronted by the facts we have recited concerning claimant's lung affliction, it was entirely proper for the board to grant a rehearing to ascertain if there was merit in this claim. Certainly, there was no legal obstacle to prevent its so doing as claimant filed his application for a rehearing in time, as the limitation of one year did not begin to run until September 5, 1934,

the date the agreement was terminated. In *McGuire v. Dougherty & Jennings et al.,* 119 Pa. Superior Ct. 485, 180 A. 168, one of the cases mainly relied upon by the lower court, the factual situation was different. This court, speaking through Judge CUNNINGHAM, expressly called attention to the fact that more than one year had elapsed between the order for termination and the date claimant's petition was presented; therefore, the rehearing sought could not be granted under section 426.

In the next place, we do not agree with the view of the learned court below that the rehearing could be granted only after the board had made an award or allowance of compensation, and that the claimant's sole remedy after an order from the referee was an appeal to the board. That is too narrow a construction of the act. This very question was raised in *Manley v. Lycoming Motors Corp. Etc.,* 83 Pa. Superior Ct. 173. Our President Judge KELLER, in delivering an opinion in that case, said (p. 177):

"But appellants assert that where a claimant has not appealed from the award or disallowance of the referee, the board has made no award or disallowance, and hence section 426 does not apply; but this is sticking in the bark. The referee is simply the agent of the board; his findings and awards or disallowances are not made direct to the parties but are filed with the Workmen's Compensation Bureau (sec. 404) in accordance with the rules and regulations of the board, and copy thereof served by it upon the parties in interest; and the referee's report and award, unappealed from, is considered the action of the board, just as the entry of judgment by the prothonotary for want of an affidavit of defense is on behalf of the court, or the report of an auditor to which no exceptions have been filed is considered as the action of the court."

That case clearly and definitely disposes of the con-

tention that a petition to the board for a rehearing was not an available remedy.

One of the objects of the compensation law is to give a claimant full opportunity to present any competent evidence that is available so that the fact finders may reach the real merits of the case. In harmony with this liberal tendency, the courts have held that the board has broad discretionary powers to grant rehearings when justice requires: *Barton v. Pittsburgh Coal Co.*, 113 Pa. Superior Ct. 454, 463, 173 A. 678; *Greeby v. Phila. Asbestos Co.*, 120 Pa. Superior Ct. 9, 181 A. 452. Neither a compensation referee nor a board, as we have frequently said, is a court, nor is a proceeding before either litigation governed by rigid rules. It has always been the practice of the compensation authorities and the courts not to give a narrow interpretation of the provisions of the workmen's compensation statutes or the pleadings. A meritorious claim ought not, if possible, be defeated for technical or theoretical reasons: *Fedak v. Dzialdowski*, 101 Pa. Superior Ct. 346, 349; *Conley v. Allegheny Co. et al.*, 124 Pa. Superior Ct. 303, 306, 188 A. 385; *Porto v. P. & R. C. & I. Co.*, supra.

We are of the opinion that the order of the referee was not a final and conclusive determination of claimant's disability, and that the petition to the board for a rehearing was within the provisions of section 426.

The last question for consideration is whether or not there was any evidence in the record to sustain the board's finding that the bronchiectasis suffered by the claimant was caused or aggravated by the accident.

The claimant testified that before the accident on February 17, 1933, he was well physically and able to do hard work, that within a week or two after he received the burns he began to cough up sputum, and thereafter his condition continued to grow worse. Dr. Jones testified that, in his judgment, claimant's lung

involvement is directly attributable to his third-degree burns. Dr. Geimmel expressed a similar view, and Dr. Waterworth, appointed by the referee as an impartial physician, was of the opinion that, if claimant was a well man prior to the accident and his lung trouble developed very shortly thereafter, the burns either caused or aggravated that condition. True, the physician called by the defendant stated there was no causal connection between claimant's injury and the bronchiectasis. It was the duty of the board to weigh this conflicting medical testimony and determine that disputed issue of fact.

We cannot say there was no evidence produced. to support the findings and conclusions of the board. Consequently, we are not justified in disturbing them.

A review of the entire record and arguments of counsel convinces us that the learned court below erred in reversing the conclusion reached by the board.

Judgment is reversed, and the record is remanded to the lower court to the end that judgment may be entered on the award.