Opinion by
 

 Keller, P. J.,
 

 The employer appealed to the court of common pleas from the action of the Workmen’s Compensation Board in (1) granting claimant a rehearing of the petition on which it made the order approving the referee’s findings of fact, conclusions of law, and award in favor of the claimant for only
 
 partial
 
 disability, and (2) remanding the case to a referee for further hearing. The petition for rehearing, inexactly called a Petition for Reconsideration of Appeal, was filed within a year after the order of the Board on which a rehearing was asked. The court dismissed the appeal.
 

 We held in
 
 Diana v. Byllesby Engineering & Management Co
 
 ., 122 Pa. Superior Ct. 156, 185 A. 866, that an appeal does not lie from an interlocutory order of the Board granting a rehearing. Accordingly the appeal will be quashed.
 

 In order to forestall a possible unnecessary appeal in the future, we shall refer to two of the appellant’s mis
 
 *393
 
 conceptions as to the Workmen’s Compensation Law.
 

 (1) The phrase, ‘if for a,definite period,’ in,the proviso added to Section 413 of the Workmen’s Compensation Act by the amendment of April 13, 1927, P. L. 186, “Provided, That, except in the case of eye injuries, an agreement or an award can only be reviewed, modified, or reinstated during the time such agreement or award has to run,
 
 if for a definite
 
 periodapplies only to agreements or awards for compensation under section 306(c) for loss of a member, etc., which compensation is fixed in the Act for a definite number of weeks, irrespective of actual disability. Compensation under sections 306(a) and 306(b) is to be paid during the period of total disability (not exceeding 500 weeks) or partial disability (not exceeding 300 weeks) and may change from one to the other as circumstances warrant. Even although the injured employee has been awarded and received compensation for partial disability for 300 weeks, if the injury develops into total disability, he may then be awarded further compensation under section 306(a) for total disability
 
 [1]
 
 , if application is made within one year after the last payment of compensation:
 
 Ernst v. Sassaman,
 
 117 Pa. Superior Ct. 353, 355, 178 A. 317;
 
 Kitchen v. Miller Bros. Co.,
 
 115 Pa. Superior Ct. 141, 146, 174 A. 919.
 

 (2) Section 426 of the Act as amended in 1927, P. L. 186, p. 196, considered in conjunction with section 413, p. 195, does not limit a rehearing by the Board to cases which have been appealed to the court of common pleas. While not expressed as clearly as might have
 
 *394
 
 been done, it is apparent from a reading of the whole of the amended section 426, in connection with the amended section 413
 
 [2]
 
 , that the Board upon petition of any party and upon cause shown may grant a rehearing of any petition upon which the Board has made an allowance or disallowance of compensation or other order or ruling, including cases where an appeal has been taken to the common pleas from said order or ruling, provided that such rehearing shall not be granted more than one year after the Board has made such award, disallowance or other order or ruling, or has sustained or reversed any action of the referee; and provided also that where an appeal from such order or ruling has been taken to the common pleas, the rehearing must be granted before the court has taken final action on the appeal. The sentence immediately following the limitation of one year created by the Act of 1927, “If the board shall grant a rehearing of any petition from the board’s action on which an appeal has been taken to and is pending in, the court of common pleas of any county of this Commonwealth under the provisions of section four hundred and twenty-seven of this article, the board shall file in such court a certified copy of its order granting such rehearing, and it shall thereupon be the duty of such court to cause the record of the case to be remitted to the board,” shows that a rehearing by the board is not restricted to cases where appeals have been taken to the common pleas. Otherwise, the subjunctive clause, beginning with “if”, would not have
 
 *395
 
 been used, for the filing of the certificate would have followed as a matter of course in all cases. See
 
 Manley v. Lycoming Motors Corp.,
 
 83 Pa. Superior Ct. 173, 175 (decided before the Act of 1927);
 
 Fedak v. Dzialdowski,
 
 101 Pa. Superior Ct. 346, 349;
 
 Marinho v. Glen Alden Coal Co.,
 
 108 Pa. Superior Ct. 560, 563, 564, 165 A. 506;
 
 Dolan v. Com.,
 
 106 Pa. Superior Ct. 74, 77, 161 A. 763;
 
 Greeby v. Phila. Asbestos Co.,
 
 120 Pa. Superior Ct. 9, 11, 12, 181 A. 452;
 
 Giana v. Byllesby Engineering & Management Co.,
 
 supra, p. 158;
 
 Conley v. Allegheny County,
 
 124 Pa. Superior Ct. 303, 307, 188 A. 385;
 
 Porto v. Phila. & R. C. & I. Co.,
 
 124 Pa. Superior Ct. 431, 434, 436, 437, 188 A. 559;
 
 Petrovan v. Rockhill C. & I. Co.,
 
 130 Pa. Superior Ct. 58, 62, 63, 196 A. 516, 518, 519.
 

 The Board, in allowing a rehearing, made no ruling on the merits of the case, and our action herein is not to be construed as doing so.
 

 The appeal is quashed.
 

 [1]
 

 “Should partial disability be followed by total disability, the period of five hundred weeks mentioned in this clause of this section shall be reduced by the number of weeks during which compensation was paid for such partial disability”: Act of June 2, 1915, P. L. 736, sec. 306(a), as amended by Acts of June 26, 1919, P. L. 642, sec. 1, and April 13, 1927, P. L. 186, see. 1, 77 PS 611.
 

 [2]
 

 See the last proviso of section 426, as amended in 1927, P. L. 186, p. 196: “Provided, however, That nothing contained in this section shall limit or restrict the right of the board, or a referee designated by the board, to review, modify, set aside, reinstate, suspend, or terminate, an original or supplemental agreement, or an award in accordance with the provisions of section four hundred thirteen of this article.”