## Jordan, Appellant, *v.* Merchants Meat Company et al.

134

Argued September 28, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Alexander F. Barbieri*, for appellant.

*George H. Detweiler*, with him *Robert A. Detweiler*, for appellee.

OPINION BY BALDRIGE, J., December 19, 1939:

The appellant in this workmen's compensation case was injured on August 18, 1936, when he was struck on the left side of his head with an ax while at work for the defendant-employer. An open agreement for total disability was entered into and compensation was paid thereunder until May 17, 1937. A petition for termination was presented August 3, 1937, to which an answer was filed and a hearing had. The referee, on October 4, 1937, decided that the claimant's disability had ceased on May 15, 1937, but ordered that compensation be terminated as of August 3, 1937. No appeal was taken from this order, but on March 9, 1938, the claimant, who did

not then have the aid of counsel, filed a rehearing petition, to which was attached a statement of Dr. Brennan. The claimant thereafter retained an attorney, who, unaware of the pendency of the foregoing petition, prepared and filed on March 31, 1938, a second petition for a rehearing and also sought to place in the record Dr. Brennan's testimony which had not been transcribed. This petition was returned to counsel pending disposition of the first one.

On April 29, 1938, the Workmen's Compensation Board, in its opinion, stated that the petition first filed would be considered one for reinstatement under section 413 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended April 13, 1927, P. L. 186 (77 PS §773), rather than an application for a rehearing under section 426 (77 PS §871), which the appellant alleges is the appropriate section, and directed a further hearing and determination before the referee. The claimant, treating his petition as one for a rehearing, adduced the testimony of his wife and Dr. Yaskin. The referee again decided that claimant's disability had ceased May 15, 1937, and dismissed the petition as of March 9, 1938. The claimant appealed to the board and excepted, inter alia, to the construing of his petition for rehearing as one for reinstatement.

By agreement of counsel (record 56a), the testimony taken at the former hearing was to be made part of the record, but, because the petition in suit was treated as one for reinstatement, that testimony was not transscribed in accordance with the practice of the compensation authorities, so that Dr. Brennan's testimony taken on October 4, 1937, was not considered by the board, which dismissed claimant's appeal. An appeal to the court of common pleas was dismissed, whereupon this appeal was taken.

We think the petition filed should have been construed as one for a rehearing under section 426 rather than for reinstatement under section 413, and that the

board's findings and conclusions were based on an incomplete record. The board stated in its opinion that it was at a loss to understand why the claimant neglected to have Dr. Brennan's testimony included in the record, as it was on his statement, in letter form, that it remanded the record to the referee; that as one of the attending physicians greater weight would be attached to his testimony than to that of a doctor who had not treated the claimant but had merely examined him for the obvious purpose of testifying, and that the case largely depends on the medical testimony.

The agreement of counsel aforesaid was evidently overlooked by the board. The practice seems to be that testimony is not transcribed unless an appeal is taken from the referee's decision. But that practice cannot prevail, where there is an express agreement between the parties, as here, that the testimony shall be included in the record. Under such circumstances, it should be transcribed and considered with the other testimony by the finders of fact: *Kovach v. Union Drawn Steel Co. et al.,* 99 Pa. Superior Ct. 302, 308; *Seitzinger v. Fort Pitt Brewing Co.,* 294 Pa. 253, 259, 144 A. 79. The appellant contends that this agreement accounts for the failure to recall Dr. Brennan, the importance of whose testimony is expressly recognized by the board.

Most of the difficulty that has arisen in this case would have been obviated if claimant's petition had been construed as one for a rehearing under section 426 rather than for reinstatement under section 413, as these two sections provide for entirely different remedies. An examination of the petition for rehearing discloses that its purpose was to have the order of the board reviewed and an opportunity given to present testimony. It expressly sets forth that a rehearing is requested as the claimant has not been able to work since the accident. While the petition was not drawn with precision, the relief sought, which is important, was clear and entirely

consistent with the averments of the petition, and warranted the granting of the prayer.

Section 426 of the Workmen's Compensation Act, supra, provides as follows: "The board, upon petition of any party and upon cause shown, at any time before the court of common pleas of any county of this Commonwealth to which an appeal has been taken under the provisions of section four hundred and twenty-seven of this article shall have taken final action thereon, may grant a rehearing of any petition upon which the board has made an award or disallowance of compensation or other order or ruling, or upon which the board has sustained or reversed any action of the referee."

In *Manley v. Lycoming Motors Corp. Etc.*, 83 Pa. Superior Ct. 173, we construed section 426, as amended June 26, 1919, P. L. 642. The portion thereof pertinent to the matter now before us has not been affected by later amendments. The question there involved was whether the board may grant a claimant who has been disallowed compensation and failed to appeal from such decision a rehearing of his petition after the time allowed for taking an appeal has expired. The appellant contended that section 426 limits the board, in its granting of a rehearing, to cases which have been appealed to the court of common pleas. We held that a claimant may petition the board for a rehearing under section 426 although the board has not yet taken any action. Speaking through our present President Judge KELLER, we said (p. 175): "The clause relating to an appeal has no such restrictive meaning. It means rather, as it says, that such rehearing may be granted by the board, upon petition and cause shown, at any time,[1] except that if an appeal has been taken to the court of common pleas under section 427, the rehearing must be granted before final action has been taken by such court thereon

[1] Changed to one year by the Act of April 13, 1927, P. L. 186 (77 PS sect. 871).

...... (p. 177). But appellants assert that where a claimant has not appealed from the award or disallowance of the referee, the board has made no award or disallowance, and hence section 426 does not apply; but this is sticking in the bark. The referee is simply the agent of the board; his findings and awards or disallowances are not made direct to the parties but are filed with the Workmen's Compensation Bureau (sec. 404) ...... and the referee's report and award, unappealed from, is considered the action of the board. ......" See, also, *Calabria v. State Workmen's Ins. Fund et al.*, 333 Pa. 40, 3 A. 2d 322; *Conley v. Allegheny Co. et al.*, 124 Pa. Superior Ct. 303, 188 A. 385; *Petrovan v. Rockhill C. & I. Co.*, 130 Pa. Superior Ct. 58, 196 A. 516; *Newancavitch v. Pgh. Term. Coal Corp.*, 131 Pa. Superior Ct. 391, 200 A. 137.

We might add that the amendment of June 4, 1937, P. L. 1552 (77 PS §871) further clarifies section 426 by very definitely providing that the board may grant a rehearing "of any petition upon which the board or referee has made an award or disallowance ......"

We are, therefore, of the opinion that the learned court below inadvertently fell into error in holding that a petition for rehearing may be filed only in cases where an appeal has been taken from the action of the referee, or where the board itself has made a ruling. *Newancavitch v. Pgh. Term. Coal Corp.*, supra, relied upon by the court below is not in conflict with the cases we have heretofore cited.

Judgment is reversed and the record is remitted to the end that it may be returned to the board for a further hearing according to law.