Schrock, Appellant, *v.* Stonycreek Coal Company et al.

Argued April 13, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Henry G. Gress,* with him *Joseph Levy,* for appellant.

*Francis A. Dunn,* with him *Charles H. Ealy,* of *Uhl, Ealy & Uhl,* for appellee.

OPINION BY RENO, J., July 16, 1943:

In this workmen's compensation case, the referee and the board found "that the claimant's disabled condition, dating from December 30, 1939, was the result of a luetic dementia and that this condition was unrelated either directly or indirectly to the slight trauma which he sustained on that date". The court below dismissed claimant's appeal.

According to claimant's testimony, while he was lifting a lump of coal into a mine car it broke, and when he straightened up he struck his head against the roof of the mine tunnel. He made no complaint to the fellow-employee who worked at his side, nor to his employer. Several hours later, having completed his work for the day, he walked out of the mine, went to his shanty where he washed, engaged in conversation with other employes, making no complaint, and drove his automobile to his home, four or five miles distant. There, according to the testimony of his wife, admitted over the objection of appellee, he said, "I bumped myself." A physician was called who testified that he found "a contusion behind the left ear ...... and back of the ear. There was a slight swelling over the mastoid, with redness and tenderness, tenderness to pressure." The claimant was then incoherent and in a confused state of mind and within several days he was removed to a hospital at Somerset and thereafter to a hospital at Pittsburgh where he remained for a month when he was permitted to return to his home. About two months

later, because of his nervous and mental condition, he was again taken to the Pittsburgh hospital, remained there for approximately six weeks and allowed to return to his home.

While in Pittsburgh, he was examined by two specialists. One of them, Dr. Weinberg, found that claimant was suffering from luetic dementia, a condition flowing from syphilis, and that the luetic dementia was precipitated by the trauma to the head. Upon cross examination he testified that it was not unusual for one to develop luetic dementia when suffering from lues or syphilis without the intervention of any trauma. The other expert, Dr. Mitchell, testified that his diagnosis was substantially the same as that of Dr. Weinberg although he was inclined to rule out the trauma as a causative factor. He admitted that an accident could precipitate the mental symptoms but that to do so two factors must be present: first, the condition of the brain must have reached a point where it would not require much to produce and precipitate clinical symptoms and, second, the trauma must have been of at least a certain degree of severity.

The appellant argues that there was no disagreement between these experts, that both agreed fully as to the causes of luetic dementia and that the referee and board erred in failing to accept the testimony of Dr. Weinberg. However, a trier of fact is not required to accept even uncontradicted testimony as true: *District of Columbia's Appeal*, 343 Pa. 65, 21 A. 2d 883. Where the decision of the board is against the claimant the question before the court is whether the board's findings of fact are consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of the competent evidence. Unless the answer is in the negative the order must be affirmed: *Walsh v. Penn Anthracite Mining Co.*, 147 Pa. Superior Ct. 328, 333, 24 A. 2d 51. Moreover

the compensation authorities, whose duty it is to find the facts, can find them either from direct proof, circumstantial evidence, or by inference from other facts: *Leichleitner v. Coal Township School District,* 147 Pa. Superior Court 276, 24 A. 2d 50. The only question before us is whether there is competent evidence to support the findings of fact of the board and whether the law has been properly applied to them. *Kuca v. Lehigh Valley Coal Co.,* 268 Pa. 163, 110 A. 731; *Osika v. Hudson Coal Co.,* 274 Pa. 367, 118 A. 311; *Farran v. Curtis Pub. Co.,* 276 Pa. 553, 120 A. 544; *Laraio v. Penna. Railroad Co.,* 277 Pa. 382, 121 A. 325; *Fillip v. Wm. Cramp & Sons Co.,* 80 Pa. Superior Ct. 68; *Zelazny v. Seneca Coal Mining Co.,* 275 Pa. 397, 119 A. 487; *Hunter v. American Steel & Wire Company,* 293 Pa. 103, 141 A. 635; *Smith v. Welsh Bros.,* 102 Pa. Superior Ct. 54, 156 A. 598.

The foregoing statements concerning the testimony demonstrate that there was sufficient evidence upon the record to sustain the findings of the referee and the board to the effect that the slight trauma did not produce or precipitate luetic dementia. Having discovered that the findings are thus supported our power of review ceases. We cannot substitute our judgment for that of the compensation authorities. We cannot accept Dr. Weinberg's testimony after they have rejected it. And a careful study of the testimony has not convinced us that they capriciously disregarded competent evidence.

We note that the petition for compensation was signed "Theodore J. Schrock by Mrs. Theodore Schrock". After his death on February 1, 1941, his widow and administratrix, Maria Schrock, became a party and prosecuted the claim, including the appeals to the court below and this court.

Judgment affirmed.