Gaffey, Appellant, *v.* John J. Felin Company et al.

Argued October 2, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Rebecca D. Boonin,* with her *Jacob Boonin,* for appellant.

*William P. O'Neill,* with him *J. B. H. Carter* and *Evans, Bayard & Frick,* for appellees.

OPINION BY HIRT, J., March 8, 1948:

This is an appeal from the order of the Workmen's Compensation Board refusing claimant's petition for a rehearing after dismissing his claim for compensation.

On January 3, 1945, some liquid splashed into claimant's left eye in the course of his employment. His eye immediately became irritated and he reported to the shop nurse at once. She examined the eye and because of pain which had developed, recommended that claimant consult an eye specialist. On the advice of the doctor whom claimant saw, he entered Wills Eye Hospital for treatment the following day. The eye was removed about two months later after futile attempts to save it.

The referee found: "4. That on the aforesaid day while claimant was engaged in the employ of the defendant, he was performing his duties as a cooper. While performing these duties, the claimant hammered one particular barrel and some liquid splashed in his left eye . . ." This was a finding of an accident. The referee made an award based on the further finding: "8. That the enucleation of claimant's left eye on March 8, 1945, was direct result of the occurrence he sustained on January 3, 1945, in the course of his employment with the defendant". There was sufficient competent medical evidence to sustain the award made by the referee for the specific loss of claimant's left eye.

The board on January 30, 1946 reversed the referee and dismissed the claim. Claimant was not represented by counsel either before the referee or the board. And, probably for this reason, he did not appeal from the order of the board until February 21, 1946. He then was two days late and the appeal was properly quashed on motion because not taken within 20 days after notice of the board's decision was mailed to the claimant. *Banks v. McClain et al.,* 156 Pa. Superior Ct. 512, 40 A. 2d 905. If claimant's appeal had been timely the lower court would have been obliged to set aside the order of the board and remit the claim for further proceedings.

The 4th finding of the board, in substance, is a restatement of the 4th finding made by the referee and in commenting upon it the board said: "There is no doubt that claimant sustained an accident while acting within

the course of his employment . . ." The 5th and 6th findings of the board recite that "following said occurrence, claimant's left eye bothered him and he reported the matter to the nurse in charge of defendant's dispensary"; and that on the following day claimant's physician placed him in Wills Eye Hospital where his left eye was removed on March 8, 1945. Ignoring the opinion of Dr. Parker, who was in constant attendance upon claimant in the hospital, that the disability was caused by the accident, the board stated its ultimate conclusion of fact in its 7th finding as follows: "That the removal of claimant's left eye was not the result of the occurrence heretofore set forth, but rather the result of a physical disability from which claimant was suffering and was systemic in origin, cause undetermined". There is no evidence that claimant then suffered from any other disability. And in this finding, the board adopted an opinion, expressed by defendant's medical witness wholly without supporting data. This witness did not see the claimant until February 26, 1945, and at that time the eye was in a state of complete degeneration. The 7th finding of the board is inconsistent with the preceding three findings and its conclusion could be accepted as valid only by a capricious disregard of competent evidence. The decision of the board is not self-sustaining for these reasons. Cf. *Schrock v. Stonycreek Coal Co. et al.*, 152 Pa. Superior Ct. 599, 33 A. 2d 522. The board entirely overlooked the sequence of events as a material factor. The left eye had been healthy and normal except for the cataract which had been removed eight years before. Damage to the eye was sensed by claimant immediately following the accident. Within a few days he lost all sight of the eye except light perception. Inflammation of the uvea developed into soft degeneration of the eye which made its removal necessary. Even an accident from an unexplained cause may be compensable if the circumstances establish a resulting disability. *Laraio v. Penna. Railroad Co.*, 277 Pa. 382,

121 A. 325; *McCluskey v. Stk. Exch. Bldg. Corp.,* 100
Pa. Superior Ct. 136; *Saylor v. Greenville Steel Car Co.,*
157 Pa. Superior Ct. 331, 43 A. 2d 633.

Claimant was consistent throughout as to the cause
of the accident. In his claim petition he averred that
while pounding a barrel *"Something* splashed in my eye
. . ." His testimony was that he was pounding on the
bottom of the barrel to repair it; and: "It was kind of
wet and when I pounded, *something* splashed in my face
. . . It seemed to be liquid but you can't tell what's in
it". Because of an immediate abnormal reaction, claim-
ant rubbed his eye and he then thought that he damaged
it, in rubbing, by a splinter which he later found in his
finger. The nurse who examined the eye with a glass
immediately after the accident, found no evidence of a
scratch on the surface of the eyeball. The medical testi-
mony is that the injury to the eye resulted in an inflama-
tion which developed into acute uveitis and that such
inflammation induces a sensation of physical damage to
the eye which reasonably accounts for claimant's belief
that he had scratched the eyeball. The board properly
ignored his testimony to that effect.

Defendant's counsel in his questions to claimant's
medical witness improperly referred to the liquid which
splashed into claimant's eye as "water", as "rainwater"
or "clear sterile rainwater". No reasonable inference
from the evidence will support that assumption of fact.
But from the answers elicited by this cross-examination
it is argued here, as it undoubtedly was before the board,
that there is no causal connection between the accident
and the injury. The testimony does not support the state-
ment of the board that "claimant was of the opinion that
it was water that had splashed into his face and into his
eye". That statement appears in the record but only in
a history assumed by one of the medical witnesses.
Water, uncontaminated, obviously, could not have
caused the damage. Notwithstanding a finding of the
referee to the contrary, the barrel had not been washed

prior to the repair. Barrels were coopered first and then washed. Claimant testified to defendant's practice of soaking the barrels in a vat in which "green flakes" were dissolved, "to eat off the dirt inside and when the barrel comes out it's soaked all over". This barrel was wet when received by claimant. And it was claimant's contention that the inflamation which developed into uveitis and the subsequent degeneration of the eye was caused by something deleterious in the liquid which splashed into his eye.

Since claimant's appeal to the lower court was properly quashed, what we have said in criticism of the board's disposition of the case has no relevancy except upon the discretion of the board in refusing a rehearing. Proof of a number of the averments of the petition for a rehearing would have been merely cumulative evidence of claimant's contention that he had had no trouble with the eye for eight years and that it was not infected nor inflamed prior to the accident. The offer of additional positive medical testimony to the effect that the accident caused the injury also would have been but cumulative. But in a case such as this the board well might have granted a rehearing to receive all evidence available on the issue of causal connection between the accident and the loss of the eye.

Under §426 of the Workmen's Compensation Act, as amended May 27, 1943, P. L. 691, 77 PS 871, however, the order of the board granting or refusing a new hearing is appealable only for an abuse of discretion. *Fronko v. U. S. Sanitary Mfg. Co.*, 155 Pa. Superior Ct. 636, 39 A. 2d 363; *Hosterman v. Best,* 158 Pa. Superior Ct. 617, 45 A. 2d 872. We think there was an abuse of discretion in one respect. Claimant in his petition averred that liquid from a barrel which had been soaked in a "green flake solution" had splashed in his eye. A certificate of analysis of the "green flakes" allegedly used in the solution, indicated that the chemical was sodium hydroxide. Caustic soda could account for at least the initial damage

to claimant's eye. In the interest of justice to an injured claimant liberality in procedure is contemplated by the Workmen's Compensation Act. Conceivably claimant might have proven that it was caustic soda in the liquid which splashed in his eye, at the hearing before the referee. But it would have required more than due diligence in an inexperienced workman, without the benefit of counsel, to have realized the importance of such proof or to have developed testimony to that effect. We think claimant is entitled to a rehearing. Cf. *Fedak v. Dzialdowski,* 101 Pa. Superior Ct. 346.

Order reversed and the record is remitted for further action by the Workmen's Compensation Board.