Lako *v.* Schlessinger et al., Appellants.

Argued April 12, 1966. Before ERVIN, P. J., WRIGHT, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (WATKINS, J., absent).

*Karl E. Weise,* with him *Hirsch, Weise & Tillman,* for appellants.

*Richard G. Zeleznik,* for appellee.

OPINION BY WRIGHT, J., June 24, 1966:

This case arises under The Pennsylvania Workmen's Compensation Act of June 2, 1915, P. L. 736, 77 P.S. 1 et seq. The employer and his insurance carrier have appealed from an order of the County Court of Allegheny County reversing the Board and remanding the record. There is an involved procedural history which it will be necessary to set forth in some detail.

William Lako was employed by Max Schlessinger as a truck driver. On October 18, 1961, he was operating a truck loaded with steel coils. His claim petition, filed April 11, 1962, alleged that, while checking the load, a chain binder snapped, "striking petitioner in the face, causing destruction of 16 teeth, disfigurement of upper lip and face". The employer supplied dentures and paid the medical and hospital bills. Claimant lost no compensable time from his work. The Referee disallowed compensation for disfigurement on the ground

that claimant had not established that the resulting scar on his lip was permanent or of an unsightly appearance. By order entered August 15, 1963, the Board dismissed claimant's appeal.

On October 21, 1963, claimant filed a petition for reinstatement on which he alleged recurrence of disability as follows: "A delayed eruption or facial disfigurement occurred because of nerve injury sustained; consequent damage to the remaining natural teeth now requires additional extraction". On November 1, 1963, the Board assigned this petition to the Referee. Testimony was taken on March 10, 1964. On August 14, 1964, claimant filed with the Board another, or second, petition in which he requested a rehearing. On October 23, 1964, considering the first petition, the Referee found that changes had occurred in the facial structure and tissues around claimant's mouth with resulting disfigurement of the face which "consists of contraction of the tissues of the left half of the upper lip thereby exposing the dentures and creating a snarled expression". An award of 35 weeks was made for unsightly permanent facial disfigurement. Cf. *Muchnick v. Susquehanna Waist Co.*, 124 Pa. Superior Ct. 194, 188 A. 413. The employer appealed to the Board.

On March 18, 1965, because of the pending appeal by the employer on the first petition, the Board entered an order denying claimant's second petition without prejudice. The time for claimant to appeal from this order was extended by the court below until after the Board came to a decision on the first petition. On July 29, 1965, without passing on the merits, the Board sustained the employer's appeal from the award on the first petition on the ground that it could not be considered as a petition for reinstatement under Section 413 of the statute (77 P.S. 772) because there was neither an award nor an agreement, and that it could not be considered as a petition for rehearing under Sec-

tion 426 (77 P.S. 871) because "it is the Board which grants a rehearing, and not the Referee".

On August 17, 1965, claimant appealed the Board's decisions of March 18, 1965, and July 29, 1965, to the County Court of Allegheny County. That tribunal subsequently entered the order before us on this appeal, as follows: "AND Now, to-wit, this 3rd day of Dec., 1965, the claimant's appeal is sustained; the order of the Workmen's Compensation Board dismissing claimant's petition and claim is reversed and the petition for the relief now claimed is declared valid and timely filed; this case and the record is now remanded to the Workmen's Compensation Board, so that it may by itself, or by reference to any of its referees, make specific findings of fact and conclusions of law as to the factual matters declared to have arisen after the first order for disallowance; the parties to be given an opportunity to call and examine witnesses, to cross-examine, to present evidence de novo, lay and/or medical, as to the factual matters claimed to have developed after the first order of disallowance; exception noted to all parties in the record and bill sealed".

Appellants first contend that a petition for reinstatement under Section 413 of the statute cannot be maintained to reconsider the disallowance of a claim. The court below relied upon *Guzik v. Laurel Ridge Construction Co.,* 196 Pa. Superior Ct. 586, 176 A. 2d 183, for the proposition that the particular section of the statute under which a petition is filed is not material provided that a proper ground for action under an appropriate section is proved. The law is well settled that strictness of pleading in workmen's compensation cases is not required, and a petition presented under an improper section will be deemed to have been presented under the proper section: *Werner v. Allegheny County,* 153 Pa. Superior Ct. 10, 33 A. 2d 451; *Kissel v. Harbison-Walker Refractories Co.,* 157 Pa. Superior Ct. 37,

41 A. 2d 434; *Selinsky v. New Shawmut Mining Co.*, 178 Pa. Superior Ct. 240, 115 A. 2d 916. Rules of procedure are relaxed in workmen's compensation cases: *Gonzales v. O'Donnell's Broad Street Bar, Inc.*, 204 Pa. Superior Ct. 170, 203 A. 2d 583. A meritorious claim ought not be defeated for technical reasons: *Wilkinson v. United Parcel Service*, 158 Pa. Superior Ct. 22, 43 A. 2d 408.

While appellants are correct in asserting that a reinstatement petition under Section 413 is proper only where there has been an agreement or an award, Section 426 expressly provides that the Board "may grant a rehearing of any petition upon which the Board has made an award *or disallowance*" (italics supplied). Cf. *Conley v. Allegheny County*, 124 Pa. Superior Ct. 303, 188 A. 385. It was ruled in *Savolaine v. Matthew Leivo & Sons*, 131 Pa. Superior Ct. 508, 200 A. 243, that the Board had properly considered a petition for reinstatement as though it was a petition for rehearing. The Board has broad power to grant a rehearing when justice requires it: *Lieberman v. Sunray Drug Co.*, 204 Pa. Superior Ct. 348, 204 A. 2d 783; *Greeby v. Philadelphia Asbestos Co.*, 120 Pa. Superior Ct. 9, 181 A. 452.

Appellants argue that, when the dismissal of the original claim petition was affirmed by the Board under date of August 15, 1963, the proceeding was ended unless kept alive by appeal to the court. Reliance is placed on *Calabria v. State Workmen's Insurance Fund*, 333 Pa. 40, 3 A. 2d 322. However, it was expressly stated in that case that the claim might be brought in again by petition for rehearing. This has been the law since *Manley v. Lycoming Motor Corp.*, 83 Pa. Superior Ct. 173, wherein it was held that Section 426 was not limited only to cases in which an appeal had been taken to the court of common pleas. See *Newancavitch v. Pittsburgh Terminal Coal Corp.*, 131 Pa. Superior

Ct. 391, 200 A. 137. A petition for rehearing may be filed after the date for taking an appeal has expired: *Jordan v. Merchants Meat Co.,* 138 Pa. Superior Ct. 133, 10 A. 2d 72.

Appellants further argue that the instant appeal is governed by *Leeper v. Logan Iron & Steel Co.,* 131 Pa. Superior Ct. 172, 198 A. 489, but that case is not controlling. There, as in the case at bar, the claim petition was disallowed. Some four years later the claimant attempted to revive the proceeding by filing a petition for reinstatement. In affirming the action of the Board in dismissing the petition, this court pointed out that the claimant could have petitioned for a rehearing within the period allowed under Section 426. In *Gleyze v. Hale Coal Co.,* 149 Pa. Superior Ct. 18, 26 A. 2d 141, claimant filed a petition for rehearing which was too late under the time limitation in Section 426. His contention that it was cognizable under Section 413 was rejected because the evidence conclusively established that there had been no change in claimant's disability. In commenting upon the designation ascribed to the petition, Judge KENWORTHEY remarked: "We, of course, pay no attention to the name given to it".

Appellants' second contention is that, since the Board did not treat the reinstatement petition as a petition for rehearing, the court has no power to order the Board to do so. A sufficient answer is that the Board did in effect treat claimant's first petition as a petition for rehearing. What has already been said relative to the liberality to be accorded procedure under the statute applies equally here. Indeed, the case cited by appellants under this contention, *Petrovan v. Rockhill Coal & Iron Co.,* 130 Pa. Superior Ct. 58, 196 A. 516, stands for the proposition that the fact that a claimant improperly makes application for reinstatement does not bar a rehearing. As stated in that case: "Claimant's application for reinstatement was inap-

propriate, but it was an innocuous move and did not bar him from petitioning for a rehearing".

Appellants argue that the fact that the Board denied claimant's second petition, in which he expressly requested a rehearing, is an "unsurmountable reason why the court erred in holding that the Board had in effect granted a rehearing by permitting the reinstatement petition to be filed". As previously noted, the order of March 18, 1965, was made without prejudice. Moreover, this order did not, and could not, alter the fact that a rehearing was in effect granted by the Board upon the filing of the petition of October 21, 1963. Since the original treatment of the petition for reinstatement by the compensation authorities was as though it had been one for a rehearing, the court below properly ruled that the petition should be so considered thereafter.

Appellants' third and final contention is that, in the absence of an abuse of discretion, the court cannot order a rehearing where the Board has refused to grant a rehearing. It is argued that the lower court did not find that there was an abuse of discretion on the part of the Board in refusing a rehearing. We have no intention to depart from the rule that the grant or refusal of a rehearing is generally within the discretion of the Board. See *Conti v. Butler Consolidated Coal Co.*, 169 Pa. Superior Ct. 276, 82 A. 2d 528. However, our examination of President Judge LENCHER'S exhaustive opinion leaves no doubt as to his determination that the Board had improperly exercised its discretion in the instant case. Here pertinent is the following excerpt: "The authorities accepted the claimant's petition, referred it to a Referee, the agent of the Board, he found facts on the claimant's uncontradicted testimony, all this leaves almost abstract any question as to whether the Board in the case at bar did or did not act with discretion in granting a rehearing". Since

the Board took jurisdiction of the petition of October 21, 1963, and assigned it to a Referee, its subsequent dismissal of this petition on the technical ground that rehearings are granted by the Board and not the Referee cannot be sustained. Cf. *Fedak v. Dzialdowski*, 101 Pa. Superior Ct. 346; *Gaffey v. John J. Felin Co.*, 162 Pa. Superior Ct. 222, 57 A. 2d 432.

In conclusion, claimant has consistently taken the position that the injury caused disfigurement. While his claim in this regard was originally disallowed, he filed a timely petition for reinstatement which the Board assigned to the Referee and which was in effect considered as a petition for rehearing. Indeed, the claimant thereafter filed a timely petition for rehearing. The Referee made an award of 35 weeks for disfigurement. The Board reversed this award on technical grounds only. We are in accord with the conclusion of the court below that claimant is entitled to a review of his claim on its merits.

Order affirmed.